(No. 35251.—■■■■■■■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD KWIEK, Plaintiff in Error.

*Opinion filed November 18, 1959—Rehearing denied Jan. 18, 1960.*

CHARLES A. BELLOWS, and JASON ERNEST BELLOWS, both of Chicago, (SHERMAN C. MAGIDSON, of counsel,) for plaintiff in error.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and FRANCIS X. RILEY, and JAMES J. GLASSER, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Edward Kwiek pleaded guilty to a charge of armed robbery. His application for probation was denied and he was sentenced to the penitentiary for a term of not less than one nor more than three years. Thereafter he secured

new counsel, who moved to vacate the judgment and sentence, and for leave to withdraw the plea of guilty. These motions were denied, and on this writ of error defendant contends that the trial court abused its discretion in denying them.

We do not agree. Five persons were indicted for the robbery. On August 12, 1958, Kwiek and three of his co-defendants pleaded guilty and applied for probation. The case was continued for pre-sentence investigations. Because he pleaded guilty, the record does not show the exact extent of Kwiek's participation in the robbery. It does appear that for twelve years he had been an employee of the dairy which was robbed, and that while he was not present when the robbery occurred, he had described the premises to those who did participate, and told them where the money was kept.

When the applications for probation came on for hearing on September 17, 1958, Kwiek's counsel referred to the fact that he was not present during the robbery, and stated that his participation was minimal. As soon as he did so, the prosecution asked that the plea of guilty be set aside and the case set for trial. The court then called the defendant before the bench and stated to him that he did not "want the slightest doubt in my mind that the defendant does not understand the nature of a plea of guilty or feels that he is being tried for something he didn't do. If that is the case he should plead not guilty and be tried. Do I understand correctly, by your plea of guilty you are admitting you participated in this robbery as charged in the indictment, is that right?" To which the defendant answered, "Yes, sir." Defendant's counsel also stated, "I wouldn't say he is innocent at all, Judge. If he were innocent, I would have him plead not guilty."

Defendant's application for probation was denied. During the discussion concerning the prosecution's recommendation as to sentence, when defendant's counsel again referred

to the degree of his participation, the court stated that if counsel made another statement of that kind "I will withdraw the plea of guilty and let him plead not guilty." Defendant was then sentenced.

The claim that the trial court abused his discretion in denying the motions to vacate the judgment and sentence and to allow the defendant to withdraw his plea of guilty is based upon defendant's assertion that he pleaded guilty because his attorney assured him that he would be placed on probation. The claim is not supported, either by the transcript of the proceedings upon the application for probation or by the testimony heard upon the motion to vacate.

Defendant's counsel did indeed testify that he told the defendant to plead guilty because the assistant State's Attorney had told him that his client would get probation. But he also testified that he knew it was the policy of the State's Attorney's office not to recommend probation in cases of armed robbery, that he knew before the hearing on the application for probation that the prosecution would recommend a penitentiary sentence, and that at a pre-trial conference the judge had stated that he would not commit himself as to probation. The assistant State's Attorney denied that he had ever agreed to recommend probation.

The defendant testified that his attorney told him that if he pleaded guilty he would receive probation and that his plea was based on that statement. In defendant's brief much is made of the fact that on the day he was sentenced he drove to the court house in his employer's truck, "expecting that in a few minutes he would be free to return to work." What is overlooked is that the defendant also testified that long after August 12, when he had pleaded guilty, he asked his attorney, "should it be for me to come down prepared for sentence or to get the probation." This testimony belies his claim that he pleaded guilty because he was assured of probation.

It is unnecessary to discuss legal principles or prece-

dents. The defendant's claim that the trial judge abused his discretion assumes the truth of his own testimony and that of the attorney who then represented him. But the trial judge was not required to believe that testimony. He could have regarded it as at best improbable and at worst false. The record does not show that the judge abused his discretion. On the contrary, it shows that he was scrupulous to safeguard the defendant's rights. The judgment is affirmed.

*Judgment affirmed.*