**People of the State of Illinois, Defendant in Error, v. Nathan Zuckerman, Plaintiff in Error.**

Gen. No. 49,040.

First District, First Division.

February 3, 1964.

Robert W. Heinze, Harold H. Winer and Sterling S. Suga, all of Chicago, for plaintiff in error.

Daniel P. Ward, State's Attorney, of Chicago (Elmer C. Kissane and John J. O'Toole, Assistant State's Attorneys, of counsel), for defendant in error.

MR. JUSTICE BURMAN delivered the opinion of the court.

The defendant, Nathan Zuckerman, was jointly indicted with Richard Cummings and charged with the offense of theft on two counts. The defendant changed his plea from not guilty to guilty and was admitted to probation. Subsequently the trial judge learned that the presentence investigation report which he had considered when he granted probation was incorrect. Due to an error made by the probation office the report showed "no record as to arrest." The corrected report showed that the defendant who was sixty-one years of age had been arrested on twenty-

eight occasions beginning in 1923. These arrests included investigations of serious offenses from which he was discharged. He was also convicted of gambling and disorderly violations and received several fines. In addition, in October of 1935, the defendant was convicted by a New York Court of grand larceny and was sentenced to a term of from one to three years. The defendant was released from Sing Sing Prison in October, 1938. Judge O'Connell, after learning of the defendant's prior criminal record, vacated the probation order and sentenced the defendant to the Illinois Penitentiary for a term of one to five years and this appeal followed.

The motion of the State to dismiss this appeal for failure to secure the certification or file the bill of exceptions within the prescribed time has been considered and it is denied.

The defendant first contends that the trial court erred in summarily revoking probation for reasons that occurred prior to the offense and which were in no way related to a violation of the conditions of probation.

It appears from the record that in the course of presentence investigation a clerk in the office of the probation department had marked defendant's file "Luckerman" instead of "Zuckerman" and therefore the report submitted to the trial judge showed no record of arrests. We hold that since the vacation of the probation order was entered in response to the discovery of defendant's criminal record and since it was entered within thirty days of the rendition of the order granting probation, it was proper and was not an abuse of discretion by the judge. Sections 82 and 83 of Judgments, Decrees and Executions (Ill Rev Stats 1961, c 77, §§ 82 and 83); People v. Ritchie, 399 Ill 144, 150, 77 NE2d 137.

212

 We next consider the defendant's alternative contention that he should have been allowed to withdraw his plea of guilty and granted a trial by jury since his plea was based upon the promise that he would be given probation for assisting the State.

The record reveals that the defendant entered a plea of not guilty on May 23, 1962, after arraignment. On June 12, 1962, the defendant appeared with his attorney and withdrew his plea of not guilty and asked leave to change his plea to guilty. After first admonishing the defendant as to the possible consequences of the plea the trial judge accepted defendant's plea of guilty. Nothing was said in open court concerning any recommendation of probation by the Assistant State's Attorney. On the State's Attorney's motion, the court entered judgment at that time and continued the hearing in mitigation and aggravation until the disposition of the case involving Richard Cummings, a codefendant, for the same offense.

The record reveals that there was a pretrial discussion at the prosecutor's request in the Judge's chambers prior to the court's acceptance of the defendant's plea of guilty at which time there were present the defendant's counsel and two Assistant State's Attorneys. One of the prosecutors then stated that the defendant, Zuckerman, intended to plead guilty and testify as a witness for the State against the codefendant Cummings, after which the Assistant would recommend that the defendant, Zuckerman, be placed on probation. He stated further that the defendant, Zuckerman, co-operated with the police and the State's Attorney's office in recovering the bonds involved in the theft. The trial judge did not indicate whether he would follow the State's recommendation at this conference. After this conference, while the parties were still present, the Assistant

Public Defender who represented codefendant, Cummings, came into the court's chambers and the court informed him that the defendant, Zuckerman, intended to withdraw his plea of not guilty and enter a plea of guilty and testify for the State against Cummings. When the court asked the Public Defender what his intentions were, insofar as his client was concerned, he replied that Zuckerman had just told him that he didn't know Cummings, that he never had any dealings with him.

Cummings was tried before a jury, at which time Zuckerman was called as a witness by the State and testified. In the court's opinion the defendant's guilt was not proven and the court directed the jury to return a verdict of not guilty.

Shortly thereafter, the defendant, Zuckerman, made application for probation and the matter was continued for a preinvestigation report from the probation office. We have previously discussed the hearing at which the State made known to the court its recommendation that the defendant be granted probation. The State argues in its brief that regardless of the result obtained it had adhered to its promise and did recommend probation to the trial court. The State relies upon the well settled principle that the recommendation of a State's Attorney is not binding upon the court. Citing People v. Baldridge, 19 Ill2d 616, 169 NE2d 353; People v. Hancasky, 410 Ill 148, 101 NE2d 575; Merkie v. People, 15 Ill2d 539, 155 NE2d 581. In the aforementioned cases the Supreme Court held that under the circumstances in each case the defendant entered a plea of guilty, in an attempt to throw himself upon the mercy of the court in anticipation of a lighter sentence recommended by the State, but the court in each instance had forewarned the defendant that it was not necessarily bound by the State's recommendation and in so doing exerted neither influence

214

nor surprise when it meted out a heavier punishment. In each of these cases the defendant with full understanding and with the advice of his counsel took a calculated risk that the punishment meted out by the court might be less severe than he would receive upon a trial by jury.

There is, however, a countervailing legal principle which is applicable in the case at bar. While it is a well settled rule that permission to change a plea of guilty to one of not guilty is a matter within the discretion of the trial court, People v. Grabowski, 12 Ill2d 462, 147 NE2d 49, the refusal to grant leave for such a change will be ruled an abuse of discretion when it appears that the plea of guilty was entered on a misapprehension of the facts or of the law; or in consequence of misrepresentations by counsel or the State's Attorney or someone else in authority; or unless the case is one where there is doubt of the guilt of the accused; or where the accused has a defense worthy of consideration by a jury; or where the ends of justice will be better served by submitting the case to a jury. If such be the case, the court should permit the withdrawal of the plea of guilty and allow the accused to plead not guilty. People v. Morreale, 412 Ill 528, 107 NE2d 721. "In the application of the foregoing rule we have held that the least influence or surprise causing a defendant to plead guilty, when he has any defense at all, should be sufficient cause to permit a change of the plea from guilty to not guilty." P 532.

In the Morreale case, the Assistant State's Attorney urged defendant's counsel, who asked for a continuance, to plead guilty and promised that he would not oppose probation and stated that the defendant "couldn't get hurt" because he had no previous record. The court then duly admonished the defendant before accepting his plea of guilty. The State did not oppose probation, but it was denied. The Supreme Court in

215

reversing with directions to enter a plea of not guilty said: "While it is true that the trial court fully and properly admonished plaintiff in error of the consequences of his plea, we are of the opinion, under the facts of this case, that it did not have the effect of obliterating from his mind that the previous representations made to him would avail . . . we are unable to believe that the misapprehension created did not carry over to the time of the court's cautionary explanation and penalties of pleading guilty and serve to at least partially negate the purpose and effectiveness of the admonition."

In People v. Adams, 379 Ill 323, 40 NE2d 730, the affidavit of defendant's counsel recited that he told the trial judge that he had an agreement with the State's Attorney relative to defendant's changing his plea from not guilty to guilty and receiving probation and that the judge stated that he did not make it a practice of refusing probation where the State's Attorney did not oppose it and that it was under these circumstances that he advised his client to change his plea. The State's Attorney's term of office expired and a new State's Attorney took over the prosecution of the case. The probation officer filed his report more than a year after the case was referred to him and upon his objection to probation it was denied. The court in reversing held that the affidavits of counsel as hereinabove reported "strongly indicate in this case that the ends of justice will be better served by permitting plaintiff in error to change his plea and submit the matter of his guilt to a jury."

The facts in the present case appear to be even stronger than in the Morreale and Adams cases. In the case at bar it is uncontroverted that the prosecutor sought out defendant's counsel and induced him to have his client plead guilty with a promise of proba-

216

tion "so that he might be available for the purpose of using his testimony against the codefendant Cummings in the theft of the bonds, because the information we had was that Cummings was the actual thief of those bonds." In all, three different Assistant State's Attorneys testified that Zuckerman was promised probation in exchange for his plea of guilty and his agreement to testify in the Cummings case. This fact immediately distinguishes the case at bar from the cases of People v. Kwiek, 18 Ill2d 121, 163 NE2d 474 and People v. Grabowski, 12 Ill2d 462, 147 NE2d 49 relied upon by the State in its brief. In those cases there was no competent evidence showing that anyone but the defendants' own attorneys had made influencing promises of probation.

In this case the trial judge and public defender representing Cummings also knew that Zuckerman had been promised probation before he changed his plea. We are of the opinion that Zuckerman was promised leniency in exchange for turning State's witness against his codefendant Cummings, and that in reliance upon this representation he changed his plea of not guilty to one of guilty. The defendant himself attempted no fraud or deceit in his dealings with the court. He made no effort to conceal his record of arrests. Indeed, it was only after defendant informed the probation officer of his felony conviction in 1935 that the probation officer and eventually the trial judge learned that an error had been made in the probation report. Under the circumstances in this case we are convinced that the ends of justice will be better served by permitting the defendant to change his plea and submit the matter of his guilt to a jury.

The order of the Criminal Court of Cook County vacating its prior order which had granted the defendant probation is hereby affirmed. The judgment

217

of the Criminal Court is, however, reversed with directions to sustain defendant's motion to withdraw his plea of guilty and enter a plea of not guilty.

Affirmed in part, reversed in part and remanded with directions.

MURPHY, P. J. and KLUCZYNSKI, J., concur.