The People of the State of Illinois, Plaintiff-Appellee, v.
Garland Walston (Impleaded), Defendant-Appellant.

Gen. No. 50,380.

First District, First Division.

May 23, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Marshall A. Patner, Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Joel M. Flaum, Assistant State's Attorney, of counsel), for appellee.

MR. PRESIDING JUSTICE KLUCZYNSKI delivered the opinion of the court.

Defendant, Garland Walston, pleaded guilty to the charge of armed robbery. His motion to withdraw the plea prior to being sentenced was denied. He appeals, claiming the motion was timely and that no prejudice would have been suffered by the state if the motion had been allowed and the defendant permitted to have the cause tried on the merits.

Defendant originally entered a plea of not guilty. A hearing was held on a motion to suppress evidence. The motion was denied. Thereafter, counsel informed the court that the defendant desired to withdraw his plea of not guilty and enter a plea of guilty. After an admonishment as to the consequences of pleading guilty, including the possibility of incarceration in the penitentiary, the court accepted defendant's guilty plea and entered a judgment thereon.

At the court's request, and without objection by the defendant, the State's Attorney made a statement of

the facts in the case, some of which were stipulated to by the defendant. Application for probation was made and entered, a presentence investigation report ordered, and a hearing in aggravation and mitigation was deferred.

When the matter came up for final disposition, the Assistant Public Defender, representing the defendant, said: "Your Honor, I was informed today of a possibility of a pending motion that I know nothing about. I understand Mr. Branion, also a Public Defender, is preparing a motion." The court directed the cause to proceed with a hearing in aggravation and mitigation, saying: "And we'll go from there; and any motions which might have any application at this moment will have a similar application later."

During the hearing it was indicated that counsel had previously read the presentence investigation report which disclosed defendant's criminal record and activities and that he was then on probation for a prior charge. After the State's Attorney said he opposed probation and recommended a long sentence in the penitentiary, defendant said: "Your Honor, I would like to withdraw my plea because I have a witness to prove that I didn't have anything to do with it. The only reason I pled guilty was because I thought I would be placed on probation."

The court denied application for probation and sentenced defendant to the penitentiary for a period from three to ten years. An oral motion of the defendant to vacate the plea of guilty was entered and set for hearing two days later.

On the date set, defendant presented a written motion to vacate the plea of guilty and grant a new trial. In support thereof defendant made affidavit wherein he averred that he was innocent of the charge and had entered a plea of guilty only because he believed that he was going to receive probation and be permitted to ob-

tain work and be able to care for his children. The court reviewed the facts and recalled that there was "no discussion with the court about entertaining a motion for probation" and that the plea "was entered voluntarily by Mr. Walston without any pretrial discussion of any kind." The motion was then denied.

It is defendant's contention that having made his motion before sentencing, it should have been granted.

██ ██ It is well-established law that where an accused, with full understanding, pleads guilty to an indictment, it is discretionary with the court whether the plea will be permitted to be withdrawn and a plea of not guilty substituted therefor. The mere fact that an accused, knowing his rights and the consequences of his act, hoped or believed he would receive a shorter sentence or a milder punishment, or some favor by entering a plea of guilty other than that which might be his lot after trial and conviction, presents no grounds for the withdrawal of the plea of guilty. The People v. Grabowski, 12 Ill2d 462, 468, 147 NE2d 49 (1957).

██ ██ We have held in People v. Zuckerman, 46 Ill App2d 210, 215, 197 NE2d 136 (1964) that, there is however a countervailing legal principle that "the refusal to grant leave for such a change will be ruled an abuse of discretion when it appears that the plea of guilty was entered on a misapprehension of the facts or of the law; or in consequence of misrepresentations by counsel or the State's Attorney or someone else in authority; or unless the case is one where there is doubt of the guilt of the accused; or where the accused has a defense worthy of consideration by a jury; or where the ends of justice will be better served by submitting the case to a jury. If such be the case, the court should permit the withdrawal of the plea of guilty and allow the accused to plead not guilty. People v. Morreale, 412 Ill 528, 107 NE2d 721. 'In the application of the foregoing rule we have held that the least influence or sur-

prise causing a defendant to plead guilty, when he has any defense at all, should be sufficient cause to permit a change of the plea from guilty to not guilty.' " Page 532.

In the instant case defendant did not charge, nor does the record indicate, that the plea was entered on a misapprehension of the facts or of the law or in consequence of misrepresentations by counsel, the State's Attorney or anyone else in authority. From the evidence adduced at the hearing on the motion to suppress, the statement of the facts by the State's Attorney, together with those facts stipulated to by the parties, the guilt of the defendant was well established. At no time during the proceedings or in his written motion did defendant set out any kind of a defense. He did say to the court that he had a witness but his written motion and affidavit did not set forth this claim or indicate what such witness would testify to. Defendant simply said that he was innocent without denying the facts and evidence that implicated him as an active and identified participant in the robbery. There was no evidence that influence or surprise caused defendant to plead guilty. When the presentence report indicated that probation was not forthcoming and the review of his previous record stimulated the State's Attorney to recommend a "stiff" sentence, defendant sought to forestall the obvious—a sentence to the penitentiary.

We do not believe that the ends of justice would be better served if the motion had been allowed. We find that the trial court did not abuse its discretion in denying the defendant his motion to withdraw the plea of guilty. The judgment is affirmed.

Affirmed.

MURPHY and BURMAN, JJ., concur.