Rochelle James, Plaintiff-Appellee, v. Cook County Department of Public Aid, et al., Defendants-Appellants.

Gen. No. 54,164.

First District, First Division.

May 25, 1970.

William J. Scott, Attorney General of State of Illinois, of Chicago (Francis T. Crowe, A. Zola Groves, and Herman R. Tavins, Assistant Attorneys General, of counsel), for appellants.

Gordon H. S. Scott, Mark Spiegel, and William Wagner, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

Plaintiff, Rochelle James, an AFDC recipient, brought this suit under the Administrative Review Act to review a decision of the Illinois Department of Public Aid which approved the findings of the hearing officer terminating the educational expense payments to the plaintiff in the monthly sum of $24.13. The trial court reversed the decision of the Department of Public Aid and ordered the educational allowance to be restored retroactively. From this order the defendants appeal.

The plaintiff was twenty-five years of age at the time she commenced this action in December, 1968, and had been a recipient of AFDC since July, 1965. She had four children ranging in age from four to eight years. Plaintiff's monthly grant was $185.86, and she received child support payments of $65. With the assistance of the Department of Public Aid she attended night classes and was graduated from Wendell Phillips High School in January, 1968. During that time she received a special educational allowance of $24.13 a month. Upon her graduation from high school, it was the policy of the department that the special additional educational aid was to cease.

Miss James discussed her desire to continue school with the liaison officer and school authorities, and they encouraged her to go to college. She secured a four-year federal loan scholarship for undergraduate study and in April, 1968, matriculated at Chicago State College. The Cook County Department of Public Aid's Kenwood District Office requested special approval from the Central Administrative Office of the Cook County Department of Public Aid under the exception policy of the Vocational Manual, chapter 1032, which concerns continuation of an educational plan beyond one year. On September 5, 1968, the Central Administrative Office advised the Kenwood District Office that approval could not be given Miss James to attend college because the Illinois Department of Public Aid was not approving the college attendance of AFDC adult recipients. Her $24.13 monthly educational payments which had continued then ceased.

The issue presented to this court is whether the Department of Public Aid must continue the monthly payments of $24.13 for plaintiff's educational expenses. Plaintiff contends that (1) she qualifies under section 9–5 of the Illinois Public Aid Act for a supplemental

77

grant for incidental educational expenses; (2) Chapter 1032 of the Department's Categorical Assistance Manual violates the equal protection clause of the federal constitution and (3) the Department of Public Aid is estopped from denying her the supplementary grant.

Section 9–5 of the Illinois Public Aid Code (Ill Rev Stats 1967, c 23,) which makes provision for educational programs and vocational training and retraining states as follows:

> The Illinois Department, the County Departments, and local governmental units, shall cooperate with all public or private education and vocational training or retraining agencies or facilities operating within this State, or making their services available to residents of this State, to the end that there may be developed all necessary education and vocational training or retraining services and facilities required to improve the skills of persons receiving aid under Articles III, IV, V, VI, and VII for whom jobs are not immediately available, or which will provide education, training or experience for persons who lack the skills required for such employment opportunities as are or may become available.

> Participants in any such educational or vocational program shall be provided with an extra allowance to pay the costs of such participation.

The Public Aid Code (Ill Rev Stats 1967, c 23, § 12–13) expressly provides that the Department shall make all rules and regulations and take such action as may be necessary or desirable for carrying out the provisions of the code to the end that its spirit and purpose may be achieved and the public aid programs administered efficiently throughout the state.

Chapter 1032 of the Department's Categorical Assistance Manual, entitled "Education and Vocational Training," reads in part, as follows:

78

An educational plan for professional training courses which are at an *undergraduate college level* and directed toward the acquisition of an academic degree requires approval of the Regional Director (Cook County: Bureau of Welfare Administration). Approval may be given only in these situations:

The Division of Vocational Rehabilitation has approved the plan and will provide payment of costs of vocational rehabilitation services including the cost of tuition, books, transportation, and a substantial subsistence allowance;

For a plan other than one approved by the Division of Vocational Rehabilitation, *the recipient has not more than one academic year to complete the undergraduate courses to receive a degree,* and the following requirements can be met: a scholarship, loan, or stipend covering the cost of at least tuition is available to the recipient, the recipient will be attending classes at a school located within 40 miles of his home, and there is every probability that the recipient will get a job within a couple of months after receiving a degree. (Emphasis supplied.)

 Plaintiff clearly does not fit within this regulation since she has more than one year of college to complete. To have approved her program would have required the Department to make an exception to its policy. But plaintiff contends that the policy of not approving college programs of more than one year for welfare recipients is arbitrary and outside the authority of the statute. We do not agree. The law enables recipients of public aid to receive necessary educational and vocational training or retraining in order to make them acceptable for employment. Plaintiff admittedly received addition-

al special educational aid to assist her in completion of her high school education to make her acceptable for employment. The Department's policy is not arbitrary, because it provides that where one has acquired the major portion of academic credits toward a degree and is able to get approval of the Regional Director, one year of aid to enable completion of a college curriculum is available.

■■ Wide latitude must be given to administrative agencies. Their discretion is broad and its determination may not be overturned because a court may think them unwise or their policy inappropriate. See People ex rel. Baker v. Strautz, 386 Ill 360, 54 NE2d 441; South Carolina v. Barnwell, 303 US 177, 58 S Ct 510. While plaintiff's desire to become a teacher and her determination to finish college is certainly commendable, it is not for this court to rewrite the statute or the regulations to enable her to do so. We hold that the decision of the Illinois Department of Public Aid is not in excess of the powers vested in such agency under the Public Aid Code and that the provisions in its manual are not arbitrary and discriminatory toward plaintiff.

■■ We do not agree that chapter 1032 of the Department's manual violates the equal protection clause of the Fourteenth Amendment. A classification having some reasonable basis does not offend against the fourteenth amendment merely because in practice it results in some inequality. South Carolina v. Barnwell, 303 US 177, 58 S Ct 510; Lindsley v. Natural Carbonic Gas Co., 220 US 61, 78, 31 S Ct 337, 340. It is enough if it rests upon a rational basis to secure the purpose for which it is intended. As stated in Allen v. Conkey, 39 Ill 2d 427, 430, 235 NE2d 631, 632:

> Laws are not deemed special or class legislation merely because they affect one class and not another, provided they affect all members of one class alike.

■ The statute and the regulations discriminate between types of educational programs not between groups of people. The classification is a rational one because it supports relatively short educational or vocational training programs for which most recipients will be qualified. Indeed, it was plaintiff who sought an arbitrary exception in her favor. She had already received all the additional educational aid to which she and other welfare recipients like her are entitled. She has shown that she has not been discriminated against.

■■ Finally, we see no merit to the contention that the doctrine of estoppel should apply because the Department gave plaintiff the $24.13 per month for a special educational allowance during the first five months she was enrolled in college and led her to incur obligations which she would not otherwise have incurred. It is argued that plaintiff was led to believe that her college attendance was sanctioned by the Department and its Kenwood Office and that the additional aid would continue while she was in school. It is true that plaintiff was encouraged, motivated and helped by the educational worker to get the scholarship to go to college even though it was known that the Department's policy did not provide for college work. But public policy forbids the application of the doctrine of estoppel to the State where public revenues are involved. See 18 ILP, § 33 (Estoppel) at page 112. The cases relied on by plaintiff allow estoppel where the government has exercised a proprietary or contractual function, but no case has been brought to our attention which requires the government to pay public revenues to an individual under a general welfare aid statute such as the one in this case because of the representations of administrative personnel. To allow such to be the case would result in the very unequal protection of the law against which plaintiff contends.

For the reasons set forth the judgment of the Circuit Court requiring the Department of Public Aid to pay the plaintiff a monthly educational allowance of $24.13 is reversed.

Reversed.

MURPHY and ADESKO, JJ., concur.