(No. 43430.—

THE PEOPLE *ex rel.* Edmund J. Kucharski, County Collector, Appellee, *vs.* MAURICE ADAMS, Appellant.

*Opinion filed May 27, 1971.*

PRICE, CUSHMAN, KECK & MAHIN, and HOLT & KEARNEY, both of Chicago, (ROBERT S. CUSHMAN and JOHN M. BETTS, of counsel,) for appellant.

EDWARD V. HANRAHAN, State's Attorney, THOMAS BRANNIGAN, Assistant State's Attorney, JAMES W. COFFEY, and KIRKLAND, ELLIS, HODSON, CHAFFETZ & MAST-

ERS, all of Chicago, (THOMAS M. THOMAS and THOMAS F. SCULLY, of counsel,) for appellee.

Mr. JUSTICE GOLDENHERSH delivered the opinion of the court:

Objector-appellant, Maurice Adams, appeals from the judgment of the circuit court of Cook County overruling objections to the application of the County Collector of Cook County for judgment and order of sale against real estate for the nonpayment of 1967 taxes. The objections involve the taxes levied in 1967 by the Board of Education of the City of Chicago.

On January 13, 1967, the Board adopted its annual school budget for 1967. On February 28, 1967, in an election held in accordance with the provisions of section 34—54 of the School Code, (Ill. Rev. Stat. 1967, ch. 122, par. 34—54) the voters approved a proposition to increase the educational fund tax rate limit for the year 1967 by .15%. On September 27, 1967, the Board, also pursuant to section 34—54, adopted a supplemental budget appropriating the estimated $15,158,000 to be received from the .15% tax-rate increase. There is no objection to appropriations in the supplemental budget totaling $9,060,164 for increases in teachers' salaries and other expenses. The objections are directed to three items totaling $6,097,836.

The annual school budget adopted in January, 1967, showed a deficit as of December 31, 1966, of $2,722,927, and provided for sufficient funds to cover it. Thereafter, independent accountants, in their annual audit of the Board's accounts, found this deficit was actually $3,289,469, or $566,542 greater than the sum provided for in the annual budget. In the supplemental budget the Board appropriated $566,542 to cover the increased amount of the deficit as determined by the audit.

The annual budget provided for expenditure appropriations of estimated State Distributive Funds in the amount

of $110,639,501. At the time the Board adopted the supplemental budget, it was apparent it would receive approximately $108,108,207 in State aid, or $2,531,294 less than had been originally appropriated. The Board appropriated $2,531,294 in its supplemental budget to cover this deficit.

The annual budget also made expenditure appropriations of $3,000,000 which the Board estimated it would receive under the Federally Affected Areas Act. (20 U.S.C. § 236 *et seq.*) This money was not received, and the Board appropriated $3,000,000 in its supplemental budget to cover this deficit.

The last paragraph of section 34—54, enacted in 1967 (Laws of 1967, p. 2173) provides: "Whenever the voters of a school district or city have voted in favor of an increase in the annual tax rate for educational purposes at an election held after the adoption of the annual school budget for any fiscal year, the board shall have the power to adopt or pass during that fiscal year an additional or supplemental budget under the sole authority of this Section by a vote of a majority of the full membership of the board, any other provision of this Article to the contrary notwithstanding, in and by which such additional or supplemental budget the board shall appropriate such additional sums of money as it may find necessary to defray expenses and liabilities of that district to be incurred for educational purposes of the district during that fiscal year, but not in excess of the additional funds estimated to be available by virtue of such voted increase in the annual tax rate for educational purposes, and such additional or supplemental budget shall be regarded as an amendment of the annual school budget for the fiscal year in which it is adopted. After the adoption of such additional or supplemental budget the city council shall by ordinance, upon the demand and under the direction of the board, levy the necessary additional tax for educational purposes, as certified to it by the board, to equal the amount of such additional sums of money appropriated

in the additional or supplemental budget for educational purposes, and such ordinance shall be in force upon its passage."

Prior to the enactment of this paragraph an increase in the tax rate approved under the provisions of section 34—54 could not be put into effect until the year following the referendum. The effect of the amendment was to permit the addition of the increased tax to the levy for the year of the referendum by authorizing the adoption of a supplemental budget and the levying of an additional tax in that same year.

Objector contends that the amendment to section 34—54 authorizes the appropriation of additional sums to defray only expenses and liabilities to be incurred during that fiscal year. He argues that the budget items to which he objected are not authorized by the statute because they are appropriated to cover a deficit incurred in the preceding year and to replace funds anticipated in the annual budget but not received. He contends, further, that the legislative intent is clear because section 34—43 of the School Code provides that in the annual budget the Board is to appropriate such sums as may be required to defray all of its expenses and liabilities to be *paid* or incurred during the fiscal year, while 34—54 authorizes appropriation only of such additional sums as are necessary to defray expenses and liabilities to be incurred during that year.

"The cardinal rule in statutory construction is that the statute be construed so as to ascertain and give effect to the intention of the General Assembly as expressed in the statute." (*Inskip* v. *The Board of Trustees of the University of Illinois,* 26 Ill.2d 501, 510.) Sections 34—43 and 34—44 of the School Code clearly require appropriation of funds to cover deficits in the annual school budget and it is equally clear that the supplemental budget authorized in section 34—54 is an amendment to the annual school budget for the fiscal year in which it is adopted. Objector cites no

authority and we have found none which requires that section 34—54 be construed so as to prohibit the Board from appropriating for deficits in a supplemental budget amendatory to an annual budget in which it must make such appropriation. In our opinion, the plain purpose of the amendment is to authorize the appropriation of money in the supplemental budget to meet expenses and liabilities of the Board, including existing deficits, and we so hold. For the reasons stated herein, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*