Kenneth G. Hardway *et al.*, Plaintiffs-Appellees, *v.* Board of Education of Lawrenceville Township High School, District No. 71, Defendant-Appellant.

(No. 70-68;

Fifth District—September 16, 1971.

Gosnell, Benecki & Quindry, of Lawrenceville, (Maurice E. Gosnell, of counsel,) for appellant.

Drach, Terrell & Deffenbaugh, of Springfield, (Valjean R. Smith, of counsel,) for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

The defendant, Board of Education of Lawrenceville, appeals from an order of the circuit court of Lawrence County wherein judgment was entered in behalf of the eight plaintiffs in amounts ranging from $98.00 to $724.00 per plaintiff.

On March 22, 1967 the Board of Education of Lawrenceville Township High School District No. 71, Lawrenceville, Illinois, approved a salary schedule for the 1967-1968 school year. On April 17, 1967, a notice was sent to each teacher which indicated the manner in which that individual's salary was determined. This was computed by listing the teacher's degree, plus semester hours beyond that degree, and the years experience in teaching. These notices included a provision that the contracts were subject to the School Laws of the State of Illinois. The eight plaintiffs were all teachers within the District and each received a notice specifying his salary and the method of computation.

On May 19, 1967, the Illinois Legislature amended Section 24-8, Chapter 122, Illinois Revised Statutes to provide for certain increases in the minimum salary which school boards may pay teachers. The pertinent provisions of the section state:

"Effective July 1, 1967, and based upon experience in a school district, teachers who serve on a full-time basis shall have their salaries increased to at least the following amounts above the starting salary for a teacher in such district in the same classification; * * *."

On May 26, 1967, the Office of the Superintendent of Public Education issued a memorandum written by its legal advisor which read in part:

"To all County Superintendents
and School Administrators:

The Governor approved House Bill No. 797 on May 19, 1967, and we enclose herewith a copy thereof. Numerous questions have already arisen concerning the proper interpretation of some of the provisions of the Bill. It has therefore been determined that a general memorandum on this subject is advisable.

There can be no doubt that the first paragraph of Section 24-8 fixes the absolute minimums which must be paid beginning July 1, 1967, to full-time teachers.

The second paragraph of the Bill provides for salary increases effective July 1, 1967, based upon experience in a school district, with

a provision for increases in the amounts therein set forth 'above the starting salary for a teacher in such district in the same classification.' It is the opinion of this office that the reference to such district applies to a school district in which the teacher is presently employed on a full-time basis. In order to make up the requirement of 5 years experience, 8 years experience, or 13 years experience as provided in the bill, such experience may only be counted for the district in which the teacher is employed and which will be required to grant the increases. In other words, a teacher who has taught in other districts may not have the experience in those districts counted as qualifying such teacher for an increase in salary * * *."

Thereafter the Board of Education adopted a motion which provided that experience outside the district would not be included in the calculation. A revised salary schedule was prepared to conform with the decision. Under the revised schedule none of the plaintiffs received a lesser salary than that contained in the original notice of April 17, 1967.

The plaintiffs filed suit alleging that the revised salary schedule did not give them full credit for the years experience set forth in the notice of April 17. For example, the notice of April 17, 1967, sent to the plaintiff, Kenneth G. Hardway, stated:

"Your salary for the 1967-68 school year is determined from the salary schedule as follows:

M.S. Degree plus 0 semester hours and 18 years experience (including the 1967-68 school year) x 9/9........$8004.00"

If given credit for the same years experience, namely, 18 years, Hardway, under the revised salary schedule of August 21, 1967, would have received $8,728. The plaintiffs contended that they were entitled to such increases based upon their years of service and the school board should give credit for the years of experience in teaching in other school districts. The trial court entered judgment in favor of the plaintiffs.

In its opinion the trial court found that although plaintiffs received the amount specified in the original notice of April 17, 1967, and although they were paid amounts in excess of the minimum salary provided in Section 22-8 of the School Code, the action of the board in refusing to grant credit for years of experience in teaching in school districts other than the Lawrenceville District was arbitrary and discriminatory. The court noted that the language of the amendment "based upon experience in a school district" is capable of being interpreted to mean that credit should be given for years of teaching in any Illinois school district or interpreted to mean that credit should be given only for years of teaching in the school district in which teachers are presently employed.

On August 17, 1968, the Legislature again amended Section 24-8 of the School Code. The statute was amended by deleting the words "based upon experience in a school district" and replacing them with "based upon previous public school experience." The trial court's opinion stated that it viewed this amendment as a clarification of the legislature's original intention.

The appellant contends that the plain, simple language of the 1967 enactment leaves no room for any interpretation as to the legislature's meaning. Rather, the Board of Education contends that the replacing of the words "experience in a school district" by "previous public school experience" indicates a major change in the Act. In its brief the board quotes the opinion rendered by the Office of the Superintendent of Public Education.

 We concur in the decision of the trial court. It is the cardinal rule in construction of statutes that a statute must be construed so as to ascertain and give effect to the intention of the general assembly as expressed in the statute. (*Gregory v. County of La Salle*, 91 Ill.App.2d 290, 234 N.E.2d 66.) The Illinois courts have held that although construction of statutes by the executive or administrative branch of government are not binding, such construction should be and is persuasive. (*Strat-O-Seal Manufacturing v. Scott*, 72 Ill.App.2d 480, 218 N.E.2d 227.) However, subsequent to the interpretation of the statute by the Office of the Superintendent of Public Instruction, the legislature amended the statute in May of 1968. The Board of Education contends that this change was not a clarification but was a major change in policy. However, it is noted that the legislature in its amendment of August 1968 did not change the effective date of the provisions, July 1, 1967, although the amendment was enacted more than one year after the effective date. If the legislature did intend a major change in policy, then it would seem that the effective date for such a change would be at the present or some future date. The only change in the amendment was replacing the phrase "experience in a school district" with the phrase "previous public school experience." We believe the trial court properly construed the later amendment as a clarification of the legislature's original intention.

 The Board of Education also contends that there was no evidence of arbitrary or discriminatory action on its part and therefore the trial court must be reversed. A school board has discretionary control over the salaries of its teachers subject only to any limits expressly fixed by the School Code and to constitutional prohibitions against actions that are arbitrary, discriminatory and unreasonable. (*Richards v. Board of Education*, 21 Ill.2d 104, 171 N.E.2d 37.) In view of our finding that the

board did not comply with the provisions of the School Code by refusing to allow credit for teaching experience acquired outside of its district, it is unnecessary to consider the issue of whether its action was arbitrary or discriminatory.

The judgment of the trial court is affirmed.

Judgment affirmed.

EBERSPACHER, P. J., and CREBS, J., concur.