THE PEOPLE *ex rel.* DREXAL HOLLAND, Plaintiff-Appellant, *v.* JOEL EDEL-MAN *et al.*, Defendants-Appellees.

THE PEOPLE *ex rel.* SANA CARUTH *et al.*, Plaintiffs-Appellants, *v.* JOEL EDELMAN *et al.*, Defendants-Appellees.

(Nos. 60573, 60953 cons.;

First District (5th Division)—April 11, 1975.

Thomas J. Grippando, of Legal Assistance Foundation, of Chicago, for appellants.

William J. Scott, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This consolidated appeal arises from the dismissal for failure to state a cause of action of two suits brought by plaintiffs as individuals and as class representatives challenging the validity of a regulation of defendant, Illinois Department of Public Aid, which prohibits the granting of public assistance to pretrial detainees in the Cook County Jail. It is contended that this regulation is violative of article VI of the Public Aid Code (Ill. Rev. Stat. 1973, ch. 23, par. 6—1 et seq.) and the equal protection clause of the fourteenth amendment of the United States Constitution and article I, section II, of the Illinois Constitution.[1]

In Count I of their complaint in No. 60953 plaintiffs allege that they are pretrial detainees incarcerated in the Cook County Jail, i.e., they are "unable to post bond and are awaiting trial." Plaintiff Lareux alleges he had been receiving general assistance from the Cook County Department

---

[1] We note that it was represented at oral argument that the allegedly poor quality of social services available to inmates of the Cook County Jail is the subject of litigation currently pending in Federal court.

of Public Aid, but that this assistance was terminated solely because of his incarceration. Plaintiffs Caruth and Wallace allege that they met all the requirements of article VI of the Public Aid Code but have been unable to receive such assistance because of the policy embodied in regulation IV-10-8 of the Handbook of the Illinois Department of Public Aid which provides:

"Persons confined in local, State or federal penal and correctional institutions are not eligible for public assistance."

Plaintiffs allege that due to the denial of such assistance they lack "adequate funds to purchase those necessities required for meeting basic maintenance requirements." The availability of general assistance funds would allow them to purchase clothing in addition to the uniforms supplied by "prison officials" and such "personal essentials" as toothpaste, toothbrush, stationery, stamps, shaving supplies, newspapers and magazines." In addition, funds could be provided to allow them to move and store their furniture or take adult education classes. Plaintiffs allege that persons who are denied these benefits are "indistinguishable from those who do receive benefits except for their incarceration while awaiting trial." They further allege that "no adequate state justification exists for this arbitrary classification" and hence it is invalid under the equal protection clause of the fourteenth amendment of the United States Constitution and article I, section II, of the Illinois Constitution.

Plaintiffs requested that the court order defendants to provide general assistance to those who are otherwise qualified but who are incarcerated because they are charged with a crime and are awaiting trial. In addition, they requested that the court order defendants to make restitution of all monies wrongfully denied them.

Count II of the complaint is a class action for a declaratory judgment which would find that section IV—10—8 of the Illinois Public Aid Handbook is violative of the Illinois Constitution, the United States Constitution and the Illinois Public Aid Code.

The allegations and prayers for relief found in the amended complaint filed in No. 60573 are almost identical to those set forth above. In both cases upon motion of defendants the complaints were dismissed for failure to state a cause of action.

OPINION

Plaintiffs contend that regulation IV.—10—8, which in effect makes them ineligible for public assistance, violates the provisions of the General Assistance Program of the Public Aid Code. (Ill. Rev. Stat. 1973, ch. 23, par. 6—1 et seq.) Specifically, they argue that they are entitled to an allotment for certain amenities which the Cook County Department of Public Aid includes in its general assistance "basic needs" allowance.

Plaintiffs point to (1) the absence of an express prohibition on the granting of general assistance to individuals who are incarcerated and (2) the absence of any requirement that correctional authorities provide them with anything more than food, shelter and medical supplies. See Ill. Rev. Stat. 1973, ch. 38, par. 103—2(c).

■■ Our determination of this issue is guided by several fundamental principles of statutory construction. First, a statute must be construed so as to ascertain and give effect to the intention of the General Assembly. (*People ex rel. Kucharski v. Adams*, 48 Ill.2d 540, 273 N.E.2d 7.) In determining this intent, consideration must be given to the entire statutory scheme, its object and purpose and the consequences resulting from various constructions. (*Tidwell v. Smith*, 57 Ill.App.2d 271, 205 N.E.2d 484.) Finally, although construction of statutes by the executive or administrative branch of government is not binding, such construction should be and is persuasive. *Strat-O-Seal Manufacturing Co. v. Scott*, 72 Ill.App. 2d 480, 218 N.E.2d 227; *Hardway v. Board of Education*, 1 Ill.App.3d 298, 274 N.E.2d 213.

■■■ Article VI of the Public Aid Code was intended by the General Assembly as a means of providing financial assistance to persons whose income was "insufficient to meet basic maintenance needs." (Ill. Rev. Stat. 1973, ch. 23, par. 6—1.2.) As indicated in our discussion below, we believe an individual's "basic maintenance needs" are a function of his social environment. Regulation IV—10—8 is an expression of the determination of the Illinois Department of Public Aid that, for a person in custody, these needs are adequately met by jail officials, and hence we hold that it does not transgress the requirements of article VI. In addition, we note that an important component of the General Assistance Program is the temporary provision of public aid to needy individuals until the recipient qualifies for assistance under one of the categorical programs, *i.e.*, aid to the aged, blind, disabled, etc. (See Ill. Rev. Stat. 1973, ch. 23, par. 3—1 *et seq.*) It follows that the legislature did not intend the receipt of General Assistance funds by individuals who would automatically be disqualified for aid under the categorical programs. Article III of the Public Aid Code declares inmates of penal or correctional facilities ineligible for aid. (Ill. Rev. Stat. 1973, ch. 23, par. 3—1.4). Hence we believe that regulation IV—10—8 of the Illinois Department of Public Aid Handbook which, in effect, disqualifies pretrial detainees in the Cook County Jail from participation in the General Assistance Program is in accord with the intent of the legislature as expressed in article VI of the Public Aid Code. Moreover, subject to an applicant's capacities, article VI aid is limited to those individuals who register for and accept offers of suitable employment or participate in certain educational or training programs. (See Ill. Rev. Stat. 1973, ch.

23, pars. 3—1.4—3—1.6.) Obviously these are activities in which pretrial detainees cannot participate. For this additional reason we find regulation IV—10—8 to be compatible with the principles underlying the General Assistance Program.

■ Plaintiffs claim that they would be eligible for General Assistance benefits but for their pretrial detention. They contend that this denial of public aid is without any rational basis except to punish those who are merely charged with a crime and therefore is violative of equal protection. We disagree.

■■ In *Dandridge v. Williams*, 397 U.S. 471, the Aid to Families with Dependent Children program of the State of Maryland was challenged as being violative of equal protection. The Supreme Court held at page 485:

> "In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.' *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 78. 'The problems of government are practical ones and may justify, if they do not require, rough accommodations—illogical, it may be, and unscientific.' *Metropolis Theatre Co. v. City of Chicago*, 228 U.S. 61, 69-70. 'A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.' *McGowan v. Maryland*, 366 U.S. 420, 426."

The Court went on to say that "the Equal Protection Clause does not require that a State must choose between attacking every aspect of a problem or not attacking the problem at all. * * * [T]he Constitution does not empower this Court to second-guess state officials charged with the difficult responsibility of allocating limited public welfare funds among the myriad of potential recipients." (*Williams* at 486-487.) Thus the distinction between recipients of public assistance and those denied assistance because of their status as inmates of public institutions while awaiting trial will be deemed violative of plaintiffs' right to equal protection only if there is no rational relationship between a legitimate governmental interest and the classification involved. See *James v. Cook County Department of Public Aid*, 126 Ill.App.2d 75, 261 N.E.2d 420.

In the instant case plaintiffs have not contended that they are denied food, shelter or medical attention. It cannot be gainsaid that an allowance for these needs would constitute the bulk of a general assistance grant. Plaintiffs acknowledge the fact that they are supplied with clothes in the form of uniforms by jail officials and further concede that they have

access to available recreational facilities such as the library. They argue, however, that those persons who are not incarcerated but are in financial straits similar to theirs receive an additional general assistance allowance for expenditure on personal items while they, by virtue of their detention, are deprived of this allowance. We believe there exists a rational basis for this classification.[2]

The stated purpose of the Public Aid Code is to assist in the alleviation and prevention of poverty. To that end the Illinois Department of Public Aid has received a mandate to establish standards which will encourage recipients, *inter alia*, to "develop their self-reliance and realize their capacities for self-care, self-support, and responsible citizenship." (Ill. Rev. Stat. 1973, ch. 23, par. 1—1.) In accord with this goal of fostering self-reliance, a general assistance budget includes, ordinarily, a small allowance for personal items since it is assumed that the recipient, at large in the community and perhaps maintaining his own household, is actively seeking employment or educational and training opportunities. In contrast one who is incarcerated in an institution where his basic needs are supplied for the relatively short period of time before he is to be tried has a far diminished need for an allowance of this nature. We therefore find that a classification for purposes of eligibility for general assistance funds based on an individual's pretrial detention constitutes a sufficient rational basis to sustain the "statutory discrimination" embodied in the Public Aid Code and regulation IV—10—8.

For the foregoing reasons the judgments entered below are affirmed.

Affirmed.

LORENZ and SULLIVAN, JJ., concur.

---

[2] At oral argument counsel for plaintiffs represented that this allowance would amount at most to $5 per inmate per month. He conceded that the administrative costs alone of this program could amount to hundreds of thousands of dollars.