THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES MYERS, Defendant-Appellant.

Third District Nos. 75-67, 74-341 cons.

Opinion filed March 12, 1976.

Richard Steck and Robert Agostinelli, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee (James Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Kankakee County finding the defendant guilty of forgery and of burglary following pleas of guilty to both charges. The court sentenced defendant to

two concurrent terms of imprisonment of not less than 2 nor more than 6 years.

Appeal is taken from the convictions and the sentences in the two cases before us, which were consolidated for hearing in the trial court. From the record it appears that defendant pleaded guilty to burglary and to one count of forgery, and the prosecutor, following such pleas, nolle-prossed one count of forgery and another charge, and agreed to recommend a sentence no higher than 1 to 3 years. The trial judge addressed defendant in open court, and on each charge separately advised him of the nature of the charge, the minimum and maximum sentences prescribed by law, and that defendant had a right to persist in his plea of not guilty, and that if he pleaded guilty, he was waiving a trial by jury and the right to confront witnesses against him. The factual basis for the charges was determined and the court also determined of record that the pleas were voluntary and that no threats or promises, apart from the plea agreement, were made to induce his pleas.

With respect to sentencing, the transcript discloses that on the burglary charge, the court addressed the defendant as follows:

"I have to tell you, Mr. Myers, that in your plea to case number 2159 which charges burglary, the penalty is one to twenty years with the power of the Judge to fix the minimum and maximum. The Judge can say I will give you two to six, three to nine, five to fifteen, five to twenty, whatever the Judge thinks fits the situation. So when you plead guilty you can also be fined up to $10,000 but he's got to sentence you on the felony to a sentence other than a fine or both fine and imprisonment. When you plead guilty you are subjecting yourself to that penalty which is the consequence of your plea."

As to the forgery charge, the court advised defendant:

"Forgery is a Class Three Felony. It carries with it a penalty of not less than one year nor more than ten years in the State penitentiary with the power in the Judge to fix the minimum and maximum. The Judge can say to you I am sentencing you to two to six years. He could say I will give you three to nine. He could say I will give you three to ten, do you understand? Or he could say one to ten or two to ten. Now, when you plead guilty you subject yourself to those consequences which could happen to you."

As to both charges, the court advised defendant that the court was not required to give him probation, that it was not required to give him treatment as an addict, and it was required to sentence him on the basis of the presentence report in the evidence. The court said: "I can sentence

you, and that's it. Do you understand?" Defendant replied: "Yes, sir."

Following the acceptance of both pleas, defendant filed a petition to elect treatment as a narcotic addict under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1973, ch. 91½, §120.1 *et seq.*). The State objected and argued that section 8(d) (§120.8(d)) rendered defendant ineligible for treatment. The court agreed and denied defendant's petition. On September 9, 1974, the court held a sentencing hearing. After hearing the evidence, the court requested sentencing recommendations. In accordance with the plea agreement, the prosecutor recommended a sentence of 1 to 3 years on each charge. Defendant requested probation. The court noted that defendant was 22 years of age and had been a drug addict since the age of 13. He also noted that defendant had a prior conviction for burglary in Du Page County which resulted in a commitment to the Illinois Drug Abuse Program. The court observed that it noted defendant's propensity to commit crimes, after the use of drugs and, therefore, sentenced defendant to two concurrent terms in the penitentiary of from 2 to 6 years.

The first issue raised on appeal by defendant is that the trial court committed reversible error in failing to apprise him that the court is not bound by the plea agreement and that if a defendant persists in his plea the disposition may be different than that contemplated by the plea agreement as required by Supreme Court Rule 402(d)(3) (Ill. Rev. Stat. 1973, ch. 110A, §402(d)(3)).

While it is true that the court did not apprise defendant in the exact language of the Rule that it would not be bound by the plea agreement, the record shows, however, that the Judge advised defendant that he could sentence defendant to "two to six, three to nine, five to fifteen, five to twenty, whatever the Judge thinks fit." Defendant was further advised by the court that it did not have to give him probation, treat him as an addict, or even sentence him on the basis of the presentence investigation or the evidence adduced at the sentencing hearing. The court said: "I can sentence you, and that's it. Do you understand?" Defendant acknowledged that he understood.

■■ While we believe it is desirable to use the language of the Supreme Court Rule, we believe that the concept established by the Rule was conveyed to the defendant. The remarks and advice of the court must be read in a practical and realistic manner. If an ordinary person in the circumstance of the accused would understand the remarks as conveying information required by the Rule, the essentials have been complied with. (*People v. Caldwell* (1973), 55 Ill. 2d 152, 304 N.E.2d 292.) We also note that nowhere in defendant's brief does he assert that he was misled into believing he was guaranteed the sentence recom-

mended by the prosecutor (*cf. People v. Zuckerman* (1964), 46 Ill. App. 2d 210, 197 N.E.2d 136) nor did defendant state that he did not know that the court was not bound by the recommendation. As was pointed out by the Illinois Supreme Court in *People v. Krantz* (1974), 58 Ill. 2d 187, 317 N.E.2d 559, Rule 402 requires only substantial compliance. The court stated that Rule 402 was designed to insure properly entered pleas of guilty and not to provide for a mere incantation or ceremonial. We, therefore, conclude that the language employed by the trial court adequately advised defendant of the information required by Rule 402(d) (3).

A second contention is made by defendant that the trial court erred in ruling defendant ineligible for treatment under the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1973, ch. 91½, §120.1 *et seq.*). The section in question, section 8 (§120.8), in pertinent part reads as follows:

> "An addict charged with or convicted of a crime is eligible to elect treatment under the supervision of the Department instead of prosecution or probation, as the case may be, unless * * * (d) other criminal proceedings alleging commission of a felony are pending against the addict, * * *."

The State's position was that since two separate and distinct charges were involved, at such time as the first charge is dealt with (for sentencing), the second charge remains pending, and thus defendant is ineligible under section 8(d). The trial court agreed with the State's argument.

■■■ The only precedent which we have discovered which has dealt with this issue is *People v. Moore* (1975), 31 Ill. App. 3d 653, 334 N.E.2d 406, in which the Fourth District Appellate Court held that where a defendant pleaded guilty to two charges in exchange for other charges being dropped, the fact that there were two distinct charges being disposed of at one sentencing hearing did not constitute one of those charges as "another criminal charge pending" within the meaning of section 8. We believe that this is a sound position under such circumstances and that the position taken by the State would be unduly technical. We are aware of the conclusion that a case is "pending" until it is disposed of on appeal but we do not believe this construction should apply to the situation with which we are concerned in this case. It is notable that the public policy of this State, as declared by the legislature in section 2 of the Dangerous Drug Abuse Act states:

> "* * * to provide diagnosis, treatment, care and rehabilitation for controlled substance addicts to the end that these unfortunate individuals may be restored to good health and again become

useful citizens in the community." (Ill. Rev. Stat. 1973, ch. 91½, §120.2.)

Fundamental rules of construction require that statutes be construed to give effect to the legislative intention, consideration being given to the entire statutory scheme, its object and purpose. (*People ex rel. Kucharski v. Adams* (1971), 48 Ill. 2d 540, 273 N.E.2d 7; *People ex rel. Holland v. Edelman* (1975), 27 Ill. App. 3d 793, 327 N.E.2d 338.) In view of the public policy manifest from the Act itself, we conclude that where two or more charges are being disposed of in the same sentencing proceeding, neither of these charges constitute "other criminal charges pending" within the meaning of section 8(d).

■■ Since defendant has met all of the qualifications for eligibility for treatment under the Act imposed by section 10 (§120.10) in that he has stated he is an addict, and is eligible to elect treatment instead of probation, he is not precluded on the record, by section 8 from eligibility for such treatment. The treatment, we note, is not an option to be chosen solely by defendant. It is rather within the sound discretion of the trial court, in view of the record of defendant and the likelihood of rehabilitation through treatment under the program, whether or not to grant treatment in lieu of imprisonment. (*People v. Robinson* (1973), 12 Ill. App. 3d 291, 297 N.E.2d 621.) For the reason that the court concluded that section 8(d) made defendant ineligible for treatment under the Dangerous Drug Abuse Act, we believe this cause should be remanded for consideration by the court. The trial court should then determine whether defendant should receive the benefit of the provisions of the Act.

Accordingly, the sentences heretofore imposed in this cause are vacated and this cause is remanded to the Circuit Court of Kankakee County for further consideration by the court of whether or not defendant should have the benefit of the Dangerous Drug Abuse Act provisions.

Sentences vacated and cause remanded for further consideration.

STENGEL and BARRY, JJ., concur.