JOAN CAROL SEBRIGHT, Petitioner-Appellant, v. BOARD OF EDUCATION OF ALTAMONT COMMUNITY UNIT SCHOOL DISTRICT NO. 10, EFFINGHAM COUNTY, Respondent-Appellee.

Fifth District   No. 5—83—0734

Opinion filed December 19, 1984.—Rehearing denied January 24, 1985.

Drach & Deffenbaugh, P.C., of Springfield, for appellant.

Miller, Tracy, Braun & Wilson, Ltd., of Monticello, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiff, Joan Carol Sebright, filed a complaint for declaratory judgment in the circuit court of Effingham County against defendant, the Board of Education of Altamont Community Unit School District No. 10. Plaintiff prayed that the circuit court declare her to be a teacher with 12½ years of experience during the 1982-1983 school year and entitled to be paid on defendant's salary schedule in accordance with such experience. Defendant's motion to dismiss the complaint was granted by the trial court, and plaintiff has perfected this appeal.

Plaintiff's complaint alleges the following facts, which defendant does not dispute: Plaintiff was employed by defendant as a teacher on a contractual continued-service status for the school year 1981-1982 and was credited with 11½ years of teaching experience for purposes of the salary schedule which defendant had adopted. On December 10, 1981, plaintiff was injured in the course of her employment but continued to work through December 22, 1981, when school was recessed for Christmas vacation. It was stipulated by the parties that on this date plaintiff had taught 82 days during the 1981-1982 school year. After the Christmas holiday, plaintiff did not return to school because of her injury. She was paid for 54 days of accumulated sick leave through March 30, 1982, and for the remainder of the school year she was paid workers' compensation benefits.

Prior to the beginning of the 1982-1983 school term, plaintiff was informed by defendant that she would be given one-half year of teaching experience credit for the 1981-1982 school year and that she would be paid based upon 12 years of experience for the 1982-1983 school year. Plaintiff maintained that she was entitled to a full year of credit on the salary schedule and that she should have been

paid on the basis of 12½ years of teaching experience. Upon defendant's refusal to grant the credit requested by plaintiff, plaintiff filed the instant suit praying for a declaration that she was a teacher with 12½ years of experience for the school year 1982-1983. Defendant's motion to dismiss plaintiff's complaint was granted by the trial court without any recital of the basis for such dismissal.

The sole issue raised by the instant appeal is whether the trial court erred in granting defendant's motion to dismiss plaintiff's complaint. Both parties in their brief and in oral argument appear to concede that the determination of this issue must be based solely on plaintiff's assertion that section 4(h) of the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.4(h)) will support her theory of recovery. However, the trial court's order dismissing plaintiff's complaint did not specify the grounds for such dismissal, and the application of section 4(h) of the Workers' Compensation Act was not raised until the instant case reached this court on appeal. Therefore, we conclude that it is essential that we also determine whether plaintiff's complaint states a cause of action based on the allegations that the determination by defendant of plaintiff's salary status was arbitrary and unreasonable.

Defendant's motion to dismiss and accompanying affidavit of the chief executive administrative officer of defendant established that defendant had adopted a policy in 1978 which provided as follows:

> "A certified teacher will be granted one-half year's credit on the salary schedule if he or she has taught at least eighty-six (86) days and one year's credit if he or she has taught at least one hundred seventy-one days (171) days during a regular school year. One one-half or whole year's credit can be counted toward experience on the current salary schedule adopted by the Board of Education."

We first conclude that plaintiff's reliance on section 4(h) of the Workers' Compensation Act is misplaced. While it is true, as plaintiff points out, that an employee discharged in retaliation for filing a workers' compensation claim has a cause of action against his or her employer (*Kelsey v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353; *Wyatt v. Jewel Companies, Inc.* (1982), 108 Ill. App. 3d 840, 439 N.E.2d 1053; *Leach v. Lauhoff Grain Co.* (1977), 51 Ill. App. 3d 1022, 366 N.E.2d 1145), we do not find these cases cited by plaintiff to be persuasive in the case at bar. We do not view section 4(h) of the Workers' Compensation Act as a limitation on defendant's authority to determine teachers' salaries on the basis of actual teaching experience.

█ Plaintiff also maintains that her complaint stated a cause of action by alleging that the defendant's application of its policy regarding crediting time for teaching experience was arbitrary and unreasonable and the trial court's granting of defendant's motion to dismiss was consequently improper. We agree with this contention. In its discretionary control over salaries, a school board is constitutionally prohibited from taking actions which are "arbitrary, discriminatory and unreasonable." *Richards v. Board of Education* (1960), 21 Ill. 2d 104, 109, 171 N.E.2d 37, 41; *Hardway v. Board of Education* (1971), 1 Ill. App. 3d 298, 301, 274 N.E.2d 213, 216.

The parties do not dispute the fact that plaintiff had worked only 82 days during the 1981-1982 school year, yet she received one-half year teaching experience credit under defendant's policy which allows such credit only after a teacher has taught for 86 days. Defendant offers no explanation for this action. However, the facts suggest that defendant added four days of plaintiff's accrued sick leave in order to grant plaintiff one-half year of teaching experience. If this is so, then defendant has arbitrarily counted some of plaintiff's sick leave and refused to count other sick leave, despite its argument on appeal that only actual teaching time, not sick time, should be credited towards a teacher's experience. If defendant decides to grant teaching experience credit for sick leave, it must be done in a consistent, nonarbitrary manner.

We conclude, therefore, that plaintiff's complaint stated a cause of action for declaratory judgment and that the trial court erred in dismissing it.

For the foregoing reasons, the judgment of the circuit court of Effingham County is reversed and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

JONES, P.J., and WELCH, J., concur.