(No. 40181.—

CHESTERFIELD-MEDORA TELEPHONE CO. *et al.*, Appellants, *vs.* ILLINOIS COMMERCE COMMISSION *et al.*, Appellees.

*Opinion filed May 18, 1967.*

CHAPMAN AND CUTLER and MEYER, CAPEL & HIRSCHFELD, both of Chicago, (JOHN N. VANDER VRIES, JAMES L. CAPEL, JR., and DANIEL J. KUCERA, of counsel,) for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, (EDWARD G. FINNEGAN, Assistant Attorney General, of counsel,) for appellee Illinois Commerce Commission.

GORDON W. WINKS, IVAN A. ELLIOTT, JR., and DONALD H. SHARP, all of Chicago, and CONGER, ELLIOTT & FECH-

TIG, of Carmi, for appellee Illinois Bell Telephone Company.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is a companion case to *Champaign County Telephone Co.* v. *Illinois Commerce Commission, ante,* p. 312, in which an opinion has been released this day. It was filed with the Commission by twelve of the fourteen small telephone companies who were plaintiffs in the first action, following an adverse order on the original complaint by the Commission. Here the complaint was directed against both General Telephone Company and Illinois Bell Telephone Company while the first complaint named General only. Upon motion of Illinois Bell the complaint was dismissed as to it on November 2, 1965, and rehearing was denied on November 22, 1965. On December 7, 1965, the pending motion of General to dismiss the complaint and cancel hearing was granted. An appeal was taken to the circuit court of Hardin County from the orders of November 2 and November 22 (but not the order of December 7) and that court affirmed. This appeal followed.

We believe the *modus operandi* of interconnected telephone companies and the issues there presented are sufficiently described in the other case (No. 40075) and those facts and issues need not be repeated. They are, however, incorporated by reference and we will elaborate only where necessary to an understanding of this case.

No dissatisfaction was expressed with respect to the division of joint tolls where the Bell System was a participant in the other suit. In fact, plaintiffs wished to lump all intrastate toll calls, both those between independents such as themselves and General (I-I) and between themselves, General and Illinois Bell (B-I), in the division of joint revenues from tolls. They urged that General use the 1962 USITA-AT&T traffic schedule for I-I business using established B-I toll settlements for both.

Again, in the second complaint plaintiffs do not allege that the division of B-I joint revenues is unfair or that Illinois Bell will receive an excessive share. They do say that the 1962 USITA-AT&T settlement basis would materially increase their revenues, and on information and belief state that there are sufficient revenues from all intrastate tolls on business originating on their exchanges (B-I and I-I) to provide a fair rate of return to all participants. In their reply brief they frankly state that by the complaint they seek "a fair division" of joint rates or "the fixing of a division of the only intrastate rates in existence, namely, those filed by Illinois Bell which expressly includes all B-I toll business."

Illinois Bell maintains that while plaintiffs recognize and label calls between them and General as I-I calls in which Bell does not participate at all, and B-I calls, where usually General, one of plaintiffs and Bell, all participate, they attempt to lump I-I and B-I calls without discrimination and ask that the joint revenues from all intrastate tolls be lumped together for division. Plaintiffs argue on the other hand that the complaint focuses upon a fair division of all intrastate revenues between the three and charge that Illinois Bell and the Commission evade the question by basing their argument on the fallacious assumption that the complaint is with respect to I-I traffic only.

Thus, there is a basic disagreement as to whether I-I and B-I intrastate joint tolls should bear a single classification and the total revenue therefrom be divided or whether I-I tolls should be treated separately and the revenue derived from them be divided between the participants. In No. 40075 we held that I-I and B-I were separate and distinct classes of joint toll business, each entitled to have joint revenues engendered by that business divided between the participants, and upheld the Commission's order to divide I-I tolls on the basis of the 1953 USITA-TCC1-A schedule or the 1965 USITA proposed schedule at the election of

plaintiffs, not on the application of settlement upon the B-I schedule.

In view of our holding that I-I traffic is a separate and distinct class, the division of revenues available from that traffic must be between General and the plaintiffs, the only participants. As heretofore noted, fairness of division of B-I tolls alone is not questioned. It is only when the I-I tolls, computed on the alternate basis fixed by the Commission, and the B-I tolls, based on the USITA-AT&T schedule, are lumped together that the resultant total is claimed by plaintiffs to furnish an inadequate return on their total business. This means that the ultimate relief sought is a larger share of I-I toll revenues. In this posture the Commission is without statutory authority to direct relief against Illinois Bell since section 42 of the Public Utilities Act, (Ill. Rev. Stat. 1965, chap. 111⅔, par. 42,) limits the division of joint rates by the Commission to participating public utilities. No relief is available against General, the other participant in I-I traffic, in this proceeding since it was dismissed and no appeal was taken from the order of dismissal.

Plaintiffs challenge the right of the Commission to dismiss without a hearing in that it is mandatory under sections 42 and 65 of the Public Utilities Act that a hearing be held when a complaint is filed. Its failure to afford a hearing is then asserted to be a deprivation of due process. They further charge that the Commission's order is unlawful and void because it was devoid of findings of fact and failed to state reasons for the dismissal as required by section 65 (par. 69) of the Act.

It is apparent from the face of the complaint that Illinois Bell should not be compelled to participate in a hearing in which it had no interest since the controversy concerned the division of revenues from traffic handled by others. Under such circumstances the Commission lacked jurisdiction of Illinois Bell and it properly dismissed without a hearing on the merits. Obviously, findings of fact from a

non-existent hearing were not required. To hold that evidentiary hearings are necessary upon the filing of every complaint and that any company made a party, even though wrongfully, must respond and defend is compelled by neither the statute nor common sense. (*Cf. Illini Coach Co.* v. *Illinois Commerce Com.*, 408 Ill. 104; *Asche* v. *Rosenfield,* 405 Ill. 108.) It is unnecessary for us to comment on the dismissal of the complaint as to General since no appeal was taken from that order.

Section 42 of the Act provides that the Commission may establish joint rates and classifications as well as establish division of revenue between utilities when they cannot agree. In case No. 40075 there can be no doubt but that the sole relief prayed was to divide, not fix or establish, joint rates. Here the stress, both in the complaint and briefs, is again on division. There is, however, a brief alternative allegation in the complaint that if there is not sufficient revenue for division between them, General and Bell, that rates should be adjusted, and an alternative prayer. Argument on the alternative is most brief. Even if we treat this complaint as a request for establishing rates it would have to be confined to I-I traffic since it is concededly the low income producer. Again, Illinois Bell would not be a proper party since the adequacy of its B-I rates applied to B-I traffic has not been questioned. And we do not pass upon the adequacy of the complaint as an application for rate adjustment for I-I calls with General since General is not a party to this appeal.

The judgment of the circuit court of Hardin County affirming the order of the Illinois Commerce Commission is affirmed.

*Judgment affirmed.*