PARLIAMENT INSURANCE COMPANY *et al.*, Plaintiffs-Appellees, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellant.

First District (4th Division)    No. 61623

Opinion filed June 23, 1977.—Rehearing denied July 14, 1977.

William J. Scott, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellant.

Robert J. Lifton, of Neistein, Richman, Hauslinger & Young, Ltd., of Chicago, for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

The plaintiffs-appellees, surety companies authorized to do business in the State of Illinois, brought an action in the Circuit Court of Cook County, Illinois, County Department, Law Division, to reverse an administrative decision of the Illinois Department of Revenue (hereinafter referred to as the Department) not to accept surety bonds issued by plaintiffs, pursuant to statute (Ill. Rev. Stat. 1969, ch. 120, par. 440 *et seq.*; hereinafter referred to as the Retailers' Occupation Tax Act or the Act). On September 10, 1974, the circuit court reversed the decision of the Department and entered judgment for the plaintiffs. The Department appeals from the decision of the trial court.

The question on review is whether the Department is authorized to exercise discretion to determine the right of surety companies to issue bonds under section 2a (Ill. Rev. Stat. 1969, ch. 120, par. 441a), and to conduct hearings for that purpose.

The plaintiff surety companies issued bonds required to be posted by

taxpayers under section 2a of the Act. That provision requires Illinois taxpayers to post such a bond with the Department as security for any moneys becoming due the State, within 30 days subsequent to engaging in the business of the retail selling of tangible personal property within the State, in order that the Department issue the requisite certificate of registration. The Department held a hearing on April 30, 1973, to determine whether it should continue to approve bonds issued by the plaintiff companies.

Mary K. Younger, supervisor of the Department's surety unit, testified for the Department. The record reveals that 60 files concerning 60 different taxpayers were admitted into evidence at the hearing. The designation at the top of each file referred to the "Parliament Insurance Company, in care of Transportation Motorist Association, Inc., 330 South Wells Street, Chicago, Illinois." When questioned as to one of the files, Mary Younger testified that it involved a defaulting taxpayer where a surety bond had been posted with the State of Illinois by the Parliament Insurance Company (hereinafter referred to as Parliament). A notice of tax liability issued. An assessment was issued by the Department's collection section and a notice of assessment was sent to Parliament. The case was eventually returned to the surety unit in order that a claim could be filed with the surety company. Attached to the case file was a letter, identified by Ms. Younger as one prepared by the Department under her supervision, which was sent to the surety notifying it of the notice of delinquent taxes. The letter outlined the amounts due and the interest accrued. Neither the taxpayer nor Parliament remitted to the Department any of the money due. Ms. Younger stated that her testimony regarding all of the case files would be substantially the same in reference to the collection procedure employed by the Department. She attested that as of January 31, 1973, the 60 case files represented outstanding liabilities on surety bonds posted by Parliament.

Plaintiff Parliament moved to strike the Department's complaint and dismiss the hearing on the ground that the Department was without statutory authority and lacked jurisdiction to conduct a revocation hearing; that is, to revoke the right of the plaintiffs to issue surety bonds. Parliament objected to the hearing, the admission and consideration of any evidence at hearing, and maintained that by its procedure the Department was denying Parliament a fair and impartial hearing, due process, and equal protection of the laws. The hearing referee denied the motion and found in favor of the Department. The referee recommended to the Director of Revenue that the Department no longer accept surety bonds posted by Parliament until all outstanding amounts due on the existing bonds were remitted. The referee recommended as follows:

"[T]he said Surety Company posted surety bonds * * * and

collected [premiums] on these bonds. The posting of such bonds carries with it the obligation to remit to the Department of Revenue all sums due as a result of a final assessment against a taxpayer who has posted bond with the Department through said Surety Company. Such obligation is for the maximum amount of the bond posted. The position taken by the Surety Company is inconsistent in that while they are willing to collect [premiums] on bonds posted by them, they are not willing, and have failed to pay sums due the Department of Revenue when these sums become due as the result of a final assessment."

On January 25, 1974, the Director issued an order in accordance with the findings and recommendation of the hearing referee.

The plaintiffs filed a complaint for administrative review of the Department's determination. The Department filed as its answer the transcript of the administrative proceedings held before the Referee. On September 10, 1974, following a review of the administrative record, the trial court reversed the decision of the Department and entered judgment in favor of the plaintiffs. The trial court considered the sole issue to be the construction and interpretation of the authority promulgated by section 2a of the Retailers' Occupation Tax Act, and held that the Department was not authorized by statute to conduct the hearing or to impose the penalty that it imposed on the plaintiffs.

The Department argues on appeal that the conducted hearing was for a proper purpose since section 2a of the Act grants to the Department the discretionary authority to approve the security furnished by applicant taxpayers. It contends that section 2a does not require that the Department institute a civil suit on each bond as the sole remedy available against a defaulting surety company; the section should be so construed in order to facilitate the underlying legislative purpose of the statute. Further, the Department argues that the legislature delegated to the Department the authority to administer and enforce the provisions of the Act through administrative hearings and investigations by the enactment of section 8 of the Retailers' Occupation Tax Act. Ill. Rev. Stat. 1965, ch. 120, par. 447.

The plaintiffs maintain that the Department exceeded its statutory grant of authority when it held the hearing at issue and imposed a penalty upon plaintiffs. They insist that the only remedy available to the Department would be to bring a civil action for forfeiture of each bond in order to collect upon each bond. Plaintiffs contend that the Act grants to the Department only limited authority to hold hearings for specified purposes provided for in several sections of the Act (Ill. Rev. Stat. 1969, ch. 120, pars. 443, 448, 449). According to the plaintiffs, the Department erred when it employed section 8 as an independent source of authority for the

hearing at issue where the Act contains no specific provision authorizing a hearing for the purpose of revoking plaintiffs' right to issue surety bonds.

■■ We find that the Department of Revenue has not acted in excess of its express and implied authority to administer and enforce the provisions of the Retailers' Occupation Tax Act by conducting the hearing and imposing the "penalty" at issue. Therefore, the decision of the Director of Revenue not to accept surety bonds posted by Parliament until amounts due on existing bonds are paid is affirmed. The judgment of the circuit court is reversed.

■■ The authority of the Department to act as it did in the instant case may be implied from the terms of the Act. (*Fahey v. Cook County Police Department Merit Board* (1974), 21 Ill. App. 3d 579, 583, 315 N.E.2d 573, 576.) Section 2a of the Act provides in pertinent part:

"Upon receipt of the application for certificate of registration in proper form, and upon approval by the Department of the security furnished by the applicant, the Department shall issue to such applicant a certificate of registration which shall permit the person to whom it is issued to engage in the business of selling tangible personal property at retail in this State." (Ill. Rev. Stat. 1965, ch. 120, par. 441a.)

The language of the section provides that the Department may approve or disapprove the security furnished by an applicant taxpayer prior to issuing a certificate of registration, and that issuance of the certificate is conditioned upon the approval of the security offered. The specific words of the statute are the best indicators of the legislative intent behind the enactment. (*Illinois Bell Telephone Co. v. Powell* (1971), 48 Ill. 2d 375, 378, 270 N.E.2d 25, 26; *Fahey*, at 584.) The language of section 2a of the Act plainly indicates that the legislature intended to grant to the Department the discretion to approve or disapprove the security offered. (See *Gustafson v. Wethersfield Township High School District 191* (1943), 319 Ill. App. 255, 260, 49 N.E.2d 311, 313.) The Department is not, as plaintiffs argue, required to render ministerial approval of any surety bond offered as security, once application in proper form has been made and the surety is authorized to do business within the State. We find that the language and context of the Act invest the Department with the authority to exercise independent judgment and discretion to approve or disapprove offered security. See *Gustafson*, at 260.

The Department has exercised its judgment and discretion in the instant case and determined to disapprove surety bonds issued by Parliament as security for taxes due until outstanding amounts due on existing bonds issued by Parliament are paid. Plaintiffs contend that the language of section 2a of the Act limits the Department to a suit on approved bonds in

the event of a forfeiture. Plaintiffs argue that the Act requires the Department to give official sanction to security offered when submitted with an application in proper form and without the exercise of discretion and judgment. They argue that the Act limits the agency to suit on each bond in the event of a forfeiture and precludes the agency from any alternative remedial course of action. Such a construction of the Act would contravene and frustrate the intent and purpose of the Act. The object and purpose of the Retailers' Occupation Tax Act is "to indirectly tax sales of tangible personal property by imposing a tax on the privilege of selling." (*Modern Dairy Co. v. Department of Revenue* (1952), 413 Ill. 55, 65, 108 N.E.2d 8, 14.) The Department of Revenue is the agency charged with the administration and enforcement of the Act. The Department is charged with the approval or disapproval of security offered, and with determining the amount of security required in each case to protect the revenue interest of the State. Section 2a of the Act provides:

> "The amount of security required by the Department shall be such as, in its opinion, will protect the State of Illinois against failure to pay the amount which may become due from the applicant under this Act * * *." (Ill. Rev. Stat. 1965, ch. 120, par. 441a.)

We believe that the legislature intended to grant to the Department the authority, express and implied, necessary to effectively carry out and accomplish the objectives of the Act (*Fahey v. Cook County Police Department Merit Board* (1974), 21 Ill. App. 3d 579, 583, 315 N.E.2d 573, 576), and that the provisions of the Act should be construed accordingly.

■■ It is a primary rule in the construction of Illinois statutes that "* * * a statute must be construed so as to ascertain and give effect to the intention of the General Assembly as expressed in the statute." (34 Ill. L. & Prac. *Statutes* §113 (1958).) In order to ascertain and give effect to that intent, this court may look beyond express words and, in addition, may consider the prospective and remedial objectives or purpose to be served by the statute. (*Bowes v. City of Chicago* (1954), 3 Ill. 2d 175, 201, 120 N.E.2d 15, 29.) Since the purpose of the Act is to impose a tax on the privilege of selling tangible personal property within the State (*Modern Dairy Co.*, at 65), the legislature must have intended that the Department be enabled to effectively enforce the provisions of the Act, to efficiently convert into cash security for defaulted taxes due, and to collect revenue due the State upon taxpayer default. Therefore, we find that when the legislature provided that the Department "may" sue upon forfeited surety bonds, the intent was that the Department exercise discretion as to the proper course of action to be followed in the event of forfeiture. Furthermore, the word "may" has been held to ordinarily connote

discretion. (*United States v. Cook* (7th Cir. 1970), 432 F.2d 1093, 1098; *Rankin v. Rankin* (1944), 322 Ill. App. 90, 92, 54 N.E.2d 58, 59.) The Department was not required to sue on the forfeited bonds in the instant case and simultaneously continue to approve bonds issued by Parliament. The evidence shows that Parliament had failed to remit to the Department the sums due on at least 60 surety bonds issued by that company and approved as security by the Department. The hearing conducted by the Department was for a proper purpose. The course of action followed by the Department was reasonable, relevant to the purpose of the Act, and within the Department's discretionary powers. In addition to the Department's implied authority to hold such a hearing, section 8 of the Act specifically provides:

> "For the purpose of administering and enforcing the provisions of this Act, the Department, or any officer or employee of the Department designated, in writing, by the Director thereof, may hold investigations and hearings concerning any matters covered by this Act * * *." Ill. Rev. Stat. 1965, ch. 120, par. 447.

■■ The law is well established that an administrative agency has no inherent or common law powers, but is empowered to act only according to authority properly conferred upon the agency by law. (*Fahey v. Cook County Police Department Merit Board* (1974), 21 Ill. App. 3d 579, 582, 315 N.E.2d 573, 575.) Furthermore, administrative orders extending beyond the authority delegated to the agency are void. (*Waupoose v. Kusper* (1972), 8 Ill. App. 3d 668, 673, 290 N.E.2d 903, 907.) However, the authority of an agency to act need not be express, but may be implied from the terms of the enabling provision of law. This court held in *Fahey*, at 583, that an administrative agency possesses the authority:

> "* * * legally conferred by express provision of law or such as, by fair implication and intendment, is incident to and included in the authority expressly conferred for the purpose of carrying out and accomplishing the objectives for which [the agency was] created."

Thus, an express legislative grant of power or authority to an administrative body or officer includes the grant of power to do all that is reasonably necessary to execute that power or authority. (*Townsend v. Gash* (1915), 267 Ill. 578, 584, 108 N.E. 744, 746; *Meana v. Morrison* (1975), 28 Ill. App. 3d 849, 854, 329 N.E.2d 535, 540; *A. E. Staley Manufacturing Co. v. Environmental Protection Agency* (1972), 8 Ill. App. 3d 1018, 1023, 290 N.E.2d 892, 896.) It has been held that administrative officers may validly exercise discretion to accomplish in detail what is authorized by the legislature in general terms. (*City of Chicago v. Town Underground Theatre, Inc.* (1973), 9 Ill. App. 3d 930, 936, 293 N.E.2d 367, 372.) Wide latitude is to be given to administrative agencies and officers in the

exercise of their discretionary powers. (*James v. Cook County Department of Public Aid* (1970), 126 Ill. App. 2d 75, 80, 261 N.E.2d 420, 423.) The acts of administrative agencies and officers should be upheld where, as in the case before us, such acts are within limits relevant to the purpose of the particular enabling legislation. *City of Chicago v. Town Underground Theatre, Inc.*, at 936.

For the foregoing reasons, the decision of the Director of Revenue is affirmed. The judgment of the circuit court is reversed.

Reversed.

LINN amd ROMITI, JJ., concur.