CANDLEWICK LAKE UTILITIES CO., Petitioner-Appellant, *v.* ILLINOIS COMMERCE COMMISSION, Respondent-Appellee.

First District (4th Division)    No. 77-1723

Opinion filed September 21, 1978.

Gene L. Armstrong and David W. Andich, both of Roan & Grossman, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (Hercules F. Bolos, Mary C. Ubatuba, James E. Weging, and Thomas J. Swabowski, Assistant Attorneys General, of counsel), for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:

■■ The issue before this court is whether a party to an Illinois Commerce Commission proceeding may, under the peculiar wording of section 68 of the Public Utilities Act, appeal from an order of the Commission ordering discovery if the Commission denies a motion for rehearing. We agree with the circuit court that it cannot, and affirm that court's order dismissing the appeal.

The pertinent facts follow:

Certain owners of lots in Candlewick Lake Subdivision, in Boone County, instituted a proceeding before the Illinois Commerce Commission seeking a declaration that certain rates charged by the appellant, Candlewick Lake Utilities Co. (Candlewick), were void. In the course of the proceedings the owners filed a request for the production of documents, asking that certain documents be produced for inspection and copying by the owners. The Commission granted the request and Candlewick filed a petition for rehearing which was denied.

Section 68 of the Public Utilities Act (Ill. Rev. Stat. 1975, ch. 111 2/3, par. 72), provides in pertinent part that:

"Within 30 days after the service of any order or decision of the Commission refusing an application for a rehearing of any rule, regulation, order or decision of the Commission, or within 30 days after the service of any final order or decision of the Commission upon and after a rehearing of any rule, regulation, order or decision of the Commission, any person or corporation affected by such rule, regulation, order or decision, may appeal to the circuit court of the county in which the subject-matter of the hearing is situated, or if the subject-matter of the hearing is situated in more than one county, then of any one of such counties, for the purpose of having the reasonableness or lawfulness of the rule, regulation, order or decision inquired into and determined."

The appellant, in appealing to the circuit court from the order of the Commission denying the petition for rehearing, contends that the language "after service of any order * * * refusing an application for a rehearing * * * of any order of the Commission" clearly creates a right to appeal from a denial of a petition to reconsider an order mandating discovery. We agree with the appellant that taken literally this language

would seem to create that right. We, however, agree with the circuit court that "applying a common-sense construction to the statute, appeal from such interlocutory orders is not allowed."

The Commission contends that it is well established in Illinois that appeal is only allowed from final orders of the Illinois Commerce Commission, citing *Illinois Commerce Com. v. New York Central R.R. Co.* (1947), 398 Ill. 11, 75 N.E.2d 411; *Chicago Junction Ry. Co. v. Illinois Commerce Com.* (1952), 412 Ill. 579, 107 N.E.2d 758; *Village of Apple River v. Illinois Commerce Com.* (1960), 18 Ill. 2d 518, 165 N.E.2d 329; *State Public Utilities Com. ex rel. Stein v. Chicago Telephone Co.* (1919), 287 Ill. 447, 122 N.E. 850; *Terminal Railroad Association v. Public Utilities Com.* (1922), 304 Ill. 312, 136 N.E. 797. However, none of these cases are in point. The first three cited cases merely stand for the proposition that a final order of the Commission is appealable but that review is limited. In none of the three cases did the court even consider the question whether an interlocutory order was appealable. The last two cited cases did rule that an interlocutory order was not appealable. However, section 68 of the Public Utilities Act (Ill. Rev. Stat. 1917, ch. 111a, par. 68), at that time read in relevant part:

> "Within thirty days after the service of any order or decision of the commission made after a final hearing, or within thirty days after a hearing or refusal of a hearing upon any rule, regulation, order or decision which the commission is authorized to issue without a hearing and has so issued * * *."

Both *Chicago Telephone* and *Terminal Railroad* involved orders issued after a hearing. Thus, under the express provision of the then pertinent statute, since the order was not issued without a hearing, the parties could appeal only from an order issued after a final hearing. The language of that statute was clear and easily understandable. Under it, interlocutory orders obviously were not appealable. But for some unexplained reason, the legislature, in amending the statute in 1921 by adding the requirement that an appeal could only be had after the party had sought a rehearing, dropped the language in the earlier statute specifying that a party could only appeal from an order issued after a final hearing. Accordingly, neither *Chicago Telephone* nor *Terminal Railroad* is any longer relevant.

■■ If we follow the literal language of the statute, it would seem that the appellant is entitled to appeal the order. It is, in the words of the statute, an order of the Commission refusing an application for the rehearing of an order of the Commission. But the court is not required to adhere to a literal interpretation of a statute when such adherence would result in absurd results. (*People v. Hudson* (1970), 46 Ill. 2d 177, 263 N.E.2d 473; *Armour v. Mueller* (1976), 36 Ill. App. 3d 23, 343 N.E.2d 251; *People v.*

*Ashford* (1974), 17 Ill. App. 3d 592, 308 N.E.2d 271; *Rapacz v. Township High School District No. 207* (1971), 2 Ill. App. 3d 1095, 278 N.E.2d 540; *People ex rel. Ryan v. Civil Service Com.* (1969), 117 Ill. App. 2d 50, 253 N.E.2d 913; *People v. Light* (1966), 67 Ill. App. 2d 481, 214 N.E.2d 626.) Under the interpretation argued by the appellant, a party may appeal from the denial of a petition for the rehearing of any order whether final or not. However, if the petition for rehearing is granted, even if the order remains unchanged, the party can only appeal if the order is final. There is no sense to such a distinction and we do not believe the legislature intended to make one. Furthermore, if we were to allow an appeal from every interlocutory order, there would be interminable delays in the administrative procedures. The general principle in this State is that a party may only appeal from a final order. (See, for example, *People v. Miller* (1966), 35 Ill. 2d 62, 219 N.E.2d 475.) While, of course, exceptions may be created either by rule or, in the case of administrative agencies, by statute (Ill. Const. 1970, art. VI, §§6, 9), we do not believe that the legislature in amending section 68 intended to make an exception here.

Accordingly, the order of the circuit court dismissing the appeal is affirmed.

Affirmed.

DIERINGER and LINN, JJ., concur.