OAK LIQUORS, INC., Plaintiff-Appellant, *v.* JAMES B. ZAGEL, Director of the Department of Revenue, *et al.*, Defendants-Appellees.

First District (4th Division)    No. 79-2464

Opinion filed November 6, 1980.

Morton Siegel and Michael A. Moses, both of Morton Siegel, Ltd., of Chicago, for appellants.

William J. Scott, Attorney General, of Chicago (Imelda R. Terrazino, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Oak Liquors, Inc., brought an action in the circuit court of Cook County to review an administrative decision of the defendant, James B. Zagel, Director of the Illinois Department of Revenue (the Department), denying the plaintiff's application for a rehearing concerning its tax liability. The court affirmed the denial of the application. The plaintiff appeals, alleging that the Department exceeded its statutory and regulatory authority in requiring a good faith deposit as a condition to granting a taxpayer's application for a rehearing.

The facts in this appeal are undisputed. On December 20, 1977, the Department issued a $94,851.68 final assessment against the plaintiff under the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1979, ch. 120, par. 440 *et seq.*) (The Act). On April 25, 1978, approximately four months after receiving notice of the assessment, the plaintiff's tax consultant requested a rehearing of the assessment. The Department notified the plaintiff that an offer of proof and a good faith deposit of $23,710 were required before a rehearing would be granted. The plaintiff did not remit the deposit. Nine months later, the plaintiff filed another application for rehearing. The Department again responded that a good faith deposit was necessary and that the plaintiff had 30 days in which to remit the deposit. When the 30-day period expired, the Department sent the plaintiff a letter denying the rehearing on the ground that no offer of proof or deposit was tendered.

On April 23, 1979, the plaintiff's newly retained attorney wrote to the Department requesting a history of the case and indicating that his client was considering the possibility of seeking either a Department rehearing or administrative review. The Department responded that no rehearing would be granted because the plaintiff failed to file the required good-faith deposit.

The plaintiff then filed a complaint for administrative review of the Department's order denying the application for rehearing. The plaintiff sought an order remanding the cause to the State of Illinois Department of Revenue for a full administrative hearing without the requirement of a deposit. The Department moved to dismiss the complaint on the ground that it was filed beyond the 35-day period allowed under the Administrative Review Act. The court denied the motion to dismiss, but ordered that the administrative review would be limited to the propriety of the Department's denial of the requested rehearing. The court subsequently affirmed the action of the Department.

The plaintiff contends that the Department exceeded its statutory authority in requiring a good-faith deposit as a condition to granting the plaintiff's application for a rehearing. The plaintiff argues that the deposit requirement contravenes the express statutory scheme set forth by the legislature, because neither the language of the Act nor the Department regulations require the depositing of funds as a condition for a rehearing. The only situation in which the Act expressly requires a good-faith bond is where the taxpayer files an action for judicial review of a Department decision. (Ill. Rev. Stat. 1979, ch. 120, par. 451.) The plaintiff claims that since this is not an action for judicial review, no deposit requirement was contemplated by the Act.

■■ Administrative agencies are creatures of statute and may act only according to authority properly conferred upon the agency by law.

*(Parliament Insurance Co. v. Department of Revenue* (1977), 50 Ill. App. 3d 341, 347, 365 N.E.2d 667, 671.) Agency action which exceeds its authority is void. (*Waupoose v. Kusper* (1972), 8 Ill. App. 3d 668, 673, 290 N.E.2d 903, 907.) However, it has been held that an express legislative grant of authority to an administrative agency includes the power to do all that is reasonably necessary to perform the duty conferred by statute. (*People v. Floom* (1977), 52 Ill. App. 3d 971, 368 N.E.2d 410.) Furthermore, an agency is to be given wide latitude in determining what actions are "reasonably necessary." A court may not overturn an agency policy simply because the court considers the policy unwise or inappropriate. *James v. Cook County Department of Public Aid* (1970), 126 Ill. App. 2d 75, 261 N.E.2d 420.

■■ Although the Act itself does not impose a deposit requirement upon a taxpayer requesting a rehearing, section 4 expressly provides that the Department may enact rules with respect to the rehearing procedure. Section 4 provides in pertinent part:

"After the issuance of a final assessment, * * * the Department, at any time before such assessment is reduced to judgment, *may (subject to the rules of the Department)* grant a rehearing * * * upon the application of the person aggrieved." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 120, par. 443.)

Section 4 thus gives the Department discretion in determining whether to grant an application for a rehearing. It also expressly provides that the Department may enact rules imposing conditions upon the exercise of its discretion. It appears that in requiring a good faith deposit as a condition to granting a rehearing, the Department was exercising the express authority conferred upon it by section 4.

■■ We recognize that the practice involved here has not been promulgated as a Department rule or regulation. Rather, it is what the Department labels a "long-standing policy or custom." The trial court noted that the policy has been in existence for over 20 years with the apparent acquiescence of the legislature. This type of uniform and long-continued practice is entitled to great deference by the court. (*People v. Illinois Central R.R. Co.* (1916), 273 Ill. 220, 243, 112 N.E. 700, 709.) Furthermore, the plaintiff objects only to the substance of the policy and does not argue that he was injured by the Department's failure to promulgate it as a rule. We therefore feel that the fact that this policy was not embodied in a rule has no bearing on the present appeal.

■■■ The plaintiff argues that even if the Department has authority to adopt policies concerning its rehearing procedures, the policy here is invalid because it extends the substantive provisions of the Act. In support of this contention the plaintiff cites the general principle that taxing statutes are to be strictly construed against the government and in

favor of the taxpayer. (*Ingersoll Milling Machine Co. v. Department of Revenue* (1950), 405 Ill. 367, 90 N.E.2d 747.) For this reason, agency rules enacted pursuant to a taxing statute may not be used to broaden the tax imposition authorized by the statute. *Martin Oil Service, Inc. v. Department of Revenue* (1975), 30 Ill. App. 3d 927, 334 N.E.2d 227.

Although the plaintiff correctly states the general principle of law, he fails to argue how it applies to the issue under consideration. The cases cited by the plaintiff do not support his argument that the deposit requirement operates to broaden the tax liability imposed by the Act. The agency rule involved in *Ingersoll* was invalid because it imposed tax liability on a transaction which was not properly subject to the provisions of the Act. In *Martin Oil*, the Department rule had the effect of increasing the actual amount of tax owed by the taxpayer. Neither of these cases requires us to invalidate the policy under consideration.

The plaintiff next claims that the Department policy must fail because it is arbitrary and unreasonable. In making this argument, the plaintiff compares the deposit requirement in issue with the good faith bond requirement contained in section 12 of the Act (Ill. Rev. Stat. 1979, ch. 120, par. 451). Section 12 sets forth the procedure to be followed in seeking judicial review of a final tax assessment. It requires the person bringing suit to file a good-faith bond with the court. The bond must be at least equal to the amount of tax, penalty and interest which is claimed due by the Department. In certain instances, section 12 allows the court to impose a lien on the taxpayer's property as an alternative to the bond requirement. The plaintiff argues that since the Department's policy concerning rehearings fails to provide a similar alternative method, it is unreasonable.

In *People v. Kueper* (1969), 111 Ill. App. 2d 42, 51, 249 N.E.2d 335, 339-40, the court stated that an agency rule must be reasonable and adequately related to the purpose of the Act which it was intended to enforce. As previously discussed, an agency charged with enforcing a statute is given wide discretion in adopting rules or policies to carry out its statutory duties. A court may interfere only where it finds that an agency has manifestly abused its discretion. *Department of Public Works & Buildings v. Lewis* (1952), 411 Ill. 242, 103 N.E.2d 595.

We do not agree with the plaintiff's contention that failure to provide an alternative method of security, such as the lien procedure contained in section 12, renders the Department's policy unreasonable. Under section 12, the taxpayer must file a bond which is at least equal to the *full amount* of the final tax assessment. The Department policy under review requires only 25 percent of the final assessment as a security deposit. We are not persuaded that this amount is so excessive as to constitute an abuse of the agency's discretion. Moreover, the Department is not required by statute

to grant a rehearing, but is given discretion in this matter by the legislature.

The Department claims that its good-faith deposit requirement is necessary to deter taxpayers from making frivolous requests for rehearings in an effort to forestall the payment of final tax assessments. Without this requirement, every taxpayer who is assessed a substantial amount of money could delay payment by requesting a rehearing. The Department argues that given the large volume of cases at the hearing level, it is entitled to some security for the outstanding tax liability. We believe that these reasons provide a sufficient justification for the Department's practice of requiring a good-faith deposit as a condition to granting an application for a rehearing.

For the foregoing reasons the order of the circuit court of Cook County is affirmed.

Affirmed.

LINN, P. J., and JOHNSON, J., concur.