VIRGINIA LYONS *et al.*, Plaintiffs-Appellants and Cross-Appellees, *v.* THE DEPARTMENT OF REVENUE *et al.*, Defendants-Appellees and Cross-Appellants.

First District (1st Division)   No. 82—0961

Opinion filed August 8, 1983.

Legal Assistance Foundation of Chicago, of Chicago (John M. Bouman, Debora A. Taylor, and Les Jin, of counsel), for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Paul J. Bargiel, Special Assistant Attorney General, of Doss, Puchalski, Keenan & Bargiel, Ltd., of counsel), for appellees.

JUSTICE GOLDBERG delivered the opinion of the court:

Virginia Lyons and Annie Richardson (plaintiffs) filed separate applications with the Illinois Department of Revenue and its director (defendants), for property tax relief grants for the year 1978 under the Senior Citizens and Disabled Persons Property Tax Relief Act (Tax Relief Act). (Ill. Rev. Stat. 1977, ch. 67½, par. 401 *et seq.*) Plaintiffs' applications were denied.

Plaintiffs sought review within the Department "on behalf of themselves and all others in the same situation." The Department upheld the denial of plaintiffs' applications. The final administrative decision concluded: "Therefore, we deny your appeal on behalf of the subject claimants and all others in the same position."

Plaintiffs sought judicial review in the circuit court. Plaintiffs characterized the proceedings as "a class action *** to review defendants' final administrative decision which denied to plaintiffs and members of the plaintiff class grants for the year 1978 under the [Tax Relief Act]." The trial court granted defendants' motion to strike all class aspects of plaintiffs' complaint. However, the tax division of the trial court reversed the administrative determination and held that the named plaintiffs were entitled to grants under the Tax Relief Act. Plaintiffs appealed from the refusal of the trial court to define and certify a class as described in plaintiffs' complaint. Defendants have cross-appealed from the judicial reversal of the administrative ruling denying tax relief to the named plaintiffs.

I

During 1978, plaintiffs each received approximately $20 monthly from the Illinois Department of Public Aid. The grants were State Supplemental Payments (SSP) pursuant to article III (Aid to the Aged, Blind or Disabled) of the Illinois Public Aid Code. Ill. Rev. Stat. 1977, ch. 23, par. 3—1 *et seq.*

Article III of the Illinois Public Aid Code provides in part: "The eligibility of any applicant for or recipient of public aid under this Article is not affected by the payment of any grant under the 'Senior Citizens and Disabled Persons Property Tax Relief Act.'" Ill. Rev. Stat. 1977, ch. 23, par. 3—1.2.

Article III of the Illinois Public Aid Code also provides (Ill. Rev. Stat. 1977, ch. 23, par. 3—5): "*** the amount and nature of any financial aid is not affected by the payment of any grant under the 'Senior Citizens and Disabled Persons Property Tax Relief Act.'"

During 1978, the year here involved, the Tax Relief Act provided (Ill. Rev. Stat. 1977, ch. 67½, par. 404(c)):

> "Public aid recipients. If household income in one or more months during a year includes cash assistance from the Department of Public Aid which was determined under regulations of that Department on a measure of need that included an allowance for actual rent or property taxes paid by the recipient of that assistance, the amount of grant to which that household is entitled, exclusive of any amount to which it is entitled under the provisions of subsection (f) of this Section, shall be the product of (1) the maximum amount computed as specified in subsection (b) of this Section and (2) the ratio of the number of months in which household income did not include such cash assistance to the number twelve. If household income did not include such cash assistance for any months during the year, the amount of the grant to which the household is entitled shall be the maximum amount computed as specified in subsection (b) of this Section. For purposes of this paragraph (c), 'cash assistance' does not include any amount received under the federal Supplemental Security Income (SSI) program."

The Tax Relief Act as above set forth has been amended. Presently, the Act provides that grants or cash assistance thereunder are affected only by the receipt of public aid grants "in excess of $55 per month." (Ill. Rev. Stat. 1981, ch. 67½, par. 404(c).) However, this amendment, not effective until 1981, is not pertinent to the instant case. We find no provision making this amendment retroactive. Consequently the amended statute may not be retroactively applied. *Village*

*of Wilsonville v. SCA Services, Inc.* (1981), 86 Ill. 2d 1, 18, 426 N.E.2d 824.

Plaintiffs urge that the policy of defendants in administering the Tax Relief Act directly contradicts the plain language of the Act. Plaintiffs quote the legislative purpose as set forth in the Tax Relief Act as being "*** to provide incentives to the senior citizens and disabled persons of the State to acquire and retain private housing of their choice ***." (Ill. Rev. Stat. 1977, ch. 67½, par. 402.) Plaintiffs also urge that therefore the statute should be liberally construed to effectuate its purposes. These arguments are undoubtedly true and valid as a general matter. However, it is our task to examine and to evaluate the pertinent statutory framework so that we may determine the validity of plaintiffs' contentions as applied to the instant case.

After most careful study of the pertinent statutes, we find no ambiguity in either one. As the Tax Relief Act was originally drafted as applicable to the plaintiffs, in the present controversy, it states simply and clearly that where the income of plaintiffs includes cash assistance from the Department of Public Aid (referring to Ill. Rev. Stat. 1977, ch. 23, as above quoted), the amount of the grant to which the household is entitled is directly affected. This portion of the pertinent statute is not ambiguous. It is clear and definite. If the household income includes assistance, certain consequences follow directly.

██ In this situation we must apply the established principle that the language of the statute itself is of the utmost importance and "affords the best means of its exposition." In order to attain this end, "words employed in the statute should be given their plain and ordinary or commonly accepted meaning, unless to do so would defeat the legislative intent." *Illinois Telephone Association v. Illinois Commerce Com.* (1977), 67 Ill. 2d 15, 20, 364 N.E.2d 63, and cases there cited.

Stated in a slightly different manner, it is a basic rule, which must necessarily be applied in this case, that "in the absence of statutory definitions indicating a different legislative intention, the courts will assume that words have their ordinary and popularly understood meanings." (*People v. Dednam* (1973), 55 Ill. 2d 565, 568, 304 N.E.2d 627, and cases there cited.) We are therefore necessarily bound to conclude that this statute is directly contrary to plaintiffs' interpretation. Since plaintiffs did receive some monthly cash assistance from the Department of Public Aid for 1978, the right of plaintiffs to benefits under the Tax Relief Act is directly affected.

The two amendments to article III of the Illinois Public Aid Code (Ill. Rev. Stat. 1977. ch. 23, pars. 3—1.2, 3—5) do not alter this con-

clusion. These amendments patently deal with the converse of the situation at bar. They provide simply that assistance under article III is not affected by any grant under the Tax Relief Act.

■ Reading the Tax Relief Act and the amendment, not effective in 1981, it seems to us that the amendment is an amelioration of the statute. It provides that in order to be precluded from receiving a grant under the Tax Relief Act, the cash assistance from the Department of Public Aid must be "in excess of $55 per month." However, as shown, as a matter of law, we are unable to conclude that this amendment is retroactive so as to be applicable in the present controversy.

## II

■ Defendants next urge that the Tax Relief Act, if construed as above, is contrary to the equal protection requirements of Federal law (U.S. Const., amend. XIV) and the State of Illinois (Ill. Const. 1970, art. I, sec. 2). A brief analysis will show these theories inapplicable here.

As regards the Federal requirements, the present doctrine of equal protection of the laws requires that legislative classifications must have some substantial relation to an important State interest in order to pass constitutional scrutiny. This is well set forth in *Fullilove v. Klutznick* (1980), 448 U.S. 448, 65 L. Ed. 2d 902, 100 S. Ct. 2758. There, racial and ethnic standards were held acceptable as a condition to a Federal grant for voluntary affirmative action programs.

The requirements of the Illinois Constitution are admirably set out in *Illinois Polygraph Society v. Pellicano* (1980), 83 Ill. 2d 130, 414 N.E.2d 458. There the supreme court made a clear distinction between equal protection and special legislation. The opinion summarizes the duty of the courts in either respect "to decide whether the classification is unreasonable in that it preferentially and arbitrarily includes a class (special legislation) to the exclusion of all others, or improperly denies a benefit to a class (equal protection)." 83 Ill. 2d 130, 138.

■ In view of the fact that the statute before us is the Tax Relief Act as it existed in 1977, prior to the 1981 amendment, we find that the Act is uniformly applicable to all persons without favor or distinction regardless of the amount of monthly stipend which they may have received under the provisions of the statute.

Furthermore, the classification, as between public aid recipients and non-public-aid recipients, is rationally related to a legitimate governmental interest. Through the exclusion in the Act, as enacted in

1977, the legislature simply prohibited recipients from receiving similar benefits from separate sources. Plaintiffs argue the provision is irrational because in their case acceptance of article III aid, to the exclusion of tax relief grants, actually made them poorer. However, it is clear that under our interpretation of the statutes plaintiffs could elect which benefits to accept. It therefore follows that the statute presents no viable issue of equal protection of the law under Illinois or Federal standards.

On the cross-appeal of defendants, we therefore reverse the judgment of March 23, 1982, which allowed plaintiffs relief under the Tax Relief Act, and remand the cause with directions to enter an order denying the relief.

### III

As regards creation of a class suit, plaintiffs urge that defendants' denial of plaintiffs' claim as it pertained to "all others in the same situation" effectively established a plaintiff class. In the alternative, plaintiffs argue the trial court should have certified a plaintiff class regardless of the administrative denial.

■ "The law is well established that an administrative agency has no inherent or common law powers, but is empowered to act only according to authority properly conferred upon the agency by law." (*Parliament Insurance Co. v. Department of Revenue* (1977), 50 Ill. App. 3d 341, 347, 365 N.E.2d 667, *appeal denied* (1977), 66 Ill. 2d 631, citing *Fahey v. Cook County Police Department Merit Board* (1974), 21 Ill. App. 3d 579, 582, 315 N.E.2d 573. See also *Oak Liquors, Inc. v. Zagel* (1980), 90 Ill. App. 3d 379, 380-81, 413 N.E.2d 56.) The "authority of an agency to act need not be express, but may be implied from the terms of the enabling provision of law." *Parliament Insurance Co. v. Department of Revenue* (1977), 50 Ill. App. 3d 341, 347.

■ In the case at bar, we find neither express nor implied delegation of authority to defendants to certify a plaintiff class. The section regarding the administration of the Tax Relief Act specifies (Ill. Rev. Stat. 1977, ch. 67½, par. 406(a)): "Upon receipt of a timely filed claim, the Department [of Revenue] shall determine whether the claimant is a person entitled to a grant under this Act and the amount of grant to which he is entitled under this Act." The language quoted above suggests that the defendants, as administrative officials, can only determine the substantive rights of "a person" who has filed a "timely claim." Therefore, there is no implied authority for the defendants to create and adjudicate the rights of an alleged plaintiff

class comprised of persons who have not filed timely claims.

In addition the class action statute (Ill. Rev. Stat. 1977, ch. 110, par. 57.2(a)) provides: "An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds ***." According to the practice notes accompanying the statute, "While the language refers to 'any court' it is obviously intended to refer to trial courts of general jurisdiction. There is no intention—and there would be no power to confer jurisdiction by this amendment on an appellate court." Ill. Ann. Stat., ch. 110, par. 57.2, Supplement to Historical and Practice Notes, at 145 (Smith-Hurd Supp. 1983-84).

In *Williams v. Department of Labor* (1979), 76 Ill. 2d 72, 389 N.E.2d 1177, the supreme court considered the authority of the Department as an administrative agency to limit the fee charged by the attorney for the claimant. The court held "that the right to review such administrative decisions is limited to parties of record before the administrative agency whose rights, duties or privileges were adversely affected by the decision." (76 Ill. 2d 72, 78.) The court therefore held that the attorney as a claimant lacked standing to seek administrative review of the Board's decision.

We conclude defendants had no legal authority to certify a plaintiff class in the administrative proceedings.

We also find unpersuasive plaintiffs' argument that the trial court should have certified a class in connection with its review of defendants' ruling. The Illinois Constitution provides for judicial review of administrative decisions "as provided by law." (Ill. Const. 1970, art. VI, sec. 9.) The Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 265) provides: "Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decisions."

In *Stirniman v. County Board of School Trustees* (1960), 26 Ill. App. 2d 245, 250-51, 167 N.E.2d 829, the court described the Administrative Review Act as allowing an appeal of administrative decisions only by a:

" 'party of record to the proceeding' at which the administrative hearing took place. He must be a party of record either in person or by counsel. *** the requirement that this appearance must be of record is reasonably necessary when it is considered that judicial review under the Administrative Review Act is a review of the record and findings by the agency and not a de

novo review."

Plaintiffs cite and depend upon *Caterpillar Tractor Co. v. Lenckos* (1979), 77 Ill. App. 3d 90, 395 N.E.2d 1167. That case was affirmed by the Supreme Court of Illinois in 1981. (84 Ill. 2d 102, 417 N.E.2d 1343 (U.S. appeal pending).) The case deals with the provision of the Civil Practice Act providing for intervention by interested parties. (Ill. Rev. Stat. 1979, ch. 110, par. 26.1.) We see no materiality in *Caterpillar*. The litigation there was extremely complicated. The case holds parties may be permitted to intervene where the intervenor has a greater interest than the general public and stands "to gain or lose by the direct legal operation and effect of a judgment in the suit." 84 Ill. 2d 102, 112.

■ Intervention is a totally different concept and remedy from a class action. In the case at bar, there is no attempt by any interested parties to intervene either in the administrative proceedings or during the judicial review thereof. We therefore find this authority not applicable here.

Plaintiffs also cite *People ex rel. Thompson v. Property Tax Appeal Board* (1974), 22 Ill. App. 3d 316, 317 N.E.2d 121, *appeal denied* (1975), 57 Ill. 2d 610, *appeal dismissed* (1975), 422 U.S. 1002, 45 L. Ed. 2d 666, 95 S. Ct. 2623. There, this court affirmed the refusal of the trial court to maintain a class action upon judicial administrative review. We stated (22 Ill. App. 3d 316, 319): "Plaintiff improperly seeks to make a class action out of her complaint for administrative review. It is fundamental that the right to administrative review is limited to the parties in the original administrative proceeding."

In *Thompson* the court stated "plaintiff's complaint *** wholly fails to meet the test commonly applied in determining the propriety of a class action ***." (22 Ill. App. 3d 316, 320.) However, the opinion clearly shows that the fact the plaintiff class was not a "party of record" to the administrative hearing was a sufficient basis to sustain the dismissal of the class action.

We find the trial court acted properly in dismissing the class action aspects of plaintiffs' complaint. On the appeal of plaintiffs this order is affirmed.

Judgments affirmed in part and reversed in part and remanded.

BUCKLEY, P.J., and CAMPBELL, J., concur.