JOSEPHINE MONCADA *et al.,* Appellants, v. THE ILLINOIS COMMERCE COMMISSION *et al.,* Appellees.

First District (1st Division)   No. 87—0784

Opinion filed December 14, 1987.

Jenner & Block, of Chicago (Robert L. Graham, Norman M. Hirsch, Bruce A. Boyer, and Stuart Gimbel, of counsel), for appellants.

Neil F. Hartigan, Attorney General, of Springfield (John P. Kelliher, Special Assistant Attorney General, of Chicago, of counsel), for appellee Illinois Commerce Commission.

Isham, Lincoln & Beale, of Chicago (Paul F. Hanzlik, Eugene H. Bernstein, and Elena Z. Kezelis, of counsel), for appellee Commonwealth Edison Company.

PRESIDING JUSTICE QUINLAN delivered the opinion of the court:

This is an appeal by complainants-appellants, seven residential customers of Commonwealth Edison Company, and the Citizens Utility Board, a not-for-profit public body, from the decision of the respondent Illinois Commerce Commission denying complainants' petition for a certification of two classes in their complaint filed against respondent Commonwealth Edison Company (CommEd). The complaint filed against CommEd alleged, *inter alia,* a violation of the Public Utilities Act (Ill. Rev. Stat. 1985, ch. 111⅔, par. 9—252) and sought refunds for the asserted systematic overcharges which resulted after CommEd misclassified certain residential customers.

The dispute began on October 25, 1985, when CommEd filed a revised tariff schedule with the Illinois Commerce Commission (Commission). The new tariff, effective October 29, 1985, split CommEd's residential customers into two rate groups. A monthly charge of $5.63 was to apply to customers residing in buildings of three or more dwelling units, while a monthly charge of $10.64 was to apply to customers residing in buildings containing one or two dwelling units. CommEd notified its customers of the new two-tiered tariff rates through flyers in their monthly bills, messages on the face of customer bills which requested confirmation of the correctness of individual classifications, and press releases to about 240 media outlets in the service territory. CommEd agreed that it would prospectively reclassify any individual discovered to be in the incorrect rate class and would refund any overpayments made if the overcharges were brought to its attention by June 10, 1985.

The individual complainants here are all residential customers of CommEd that were initially misclassified at the higher rate under

the revised tariff schedule. CommEd has since reclassified all of the complainants at the correct billing rate and has issued refunds for the overcharges to Joan Kupfer, the only plaintiff who gave notice within the six-month period set by CommEd. The named complainants and the Citizens Utility Board filed a complaint before the Commission, as stated above, alleging that CommEd had violated sections 9—101, 9—201, 9—240, 9—241 and 9—252 of the Public Utilities Act. (Ill. Rev. Stat. 1985, ch. 111$^2$/$_3$, pars. 9—101, 9—201, 9—240, 9—241, 9—252.) The complainants asked the Commission to find that CommEd's overcharges were a violation of the State constitution and the Public Utilities Act and to enter a permanent injunction against the imposition of these overcharges. The complainants also sought, *inter alia*, an order requiring CommEd to notify all residential customers of the potential overcharges; to make adjustments to the bills of all overcharged customers; to provide full refunds, including statutory interest, to all overcharged customers; and to provide an accounting of all customers subject to these overcharges by name, address and time period of the overcharge. Additionally, the complainants sought an award of attorney fees and reasonable costs and the certification of two classes.

Complainants filed their motion with the Commission to maintain a class action on September. 22, 1986, contending that it was necessary to proceed in their complaint against CommEd as two classes because of the great number of potential complainants and the fact that CommEd denied it owed refunds after June 10, 1985, to customers admittedly misclassified and overcharged for residential service. The proposed class A consisted of residential customers in buildings more than one dwelling unit high and containing three or more dwelling units, and the proposed class B consisted of residents of' buildings containing more than one dwelling unit and only one dwelling unit high. The complainants attached the affidavit of Susan Stewart, executive director of the Citizens Utility Board, in which she swore to receiving more than 300 complaints and estimated that each proposed class would consist of greater than 1,000 complainants.

On October 15, 1986, CommEd filed a motion to strike and dismiss the entire complaint. At a hearing on the complainants' motion to maintain a class action and CommEd's motion to strike and dismiss on January 7, 1987, the Commission granted CommEd's motion to strike only as to that portion of the complaint alleging a class action and denied the complainants' class certification motion. Complainants then filed a petition for rehearing and oral argument which

was summarily denied on February 18, 1987. Complainants next filed an interlocutory appeal directly with this court, pursuant to section 10—201 of the Public Utilities Act (Ill. Rev. Stat. 1985, ch. 111²/₃, par. 10—201), seeking a reversal of the Commission's order that denied their petition for certification of a class action in their complaint, which was still pending before the Commission.

The sole issue to be decided is whether this court has a jurisdictional basis to hear complainants-appellants' interlocutory appeal from the Commission's ruling that denied class certification in a pending action, when the Public Utilities Act does not expressly permit class actions and the Commission is prohibited by its own regulations from hearing class actions.

It is apparently the complainants' contention that the order denying their request for class certification and dismissing the class allegation of their complaint is appealable under section 10—201 of the Public Utilities Act. (Ill. Rev. Stat. 1985, ch. 111²/₃, par. 10—201.) That section authorizes an appeal to the appellate court of "any order or decision of the Commission refusing an application for a rehearing of any rule, regulation, order or decision of the Commission, *** within 30 days after the service of any final order or decision of the Commission upon and after a rehearing of any rule, regulation, order or decision of the Commission." (Ill. Rev. Stat. 1985, ch. 111²/₃, par. 10—201(a).) The complainants note that the Commission did deny a petition for rehearing of its order and assert that the order denying class certification is accordingly appealable or, on the other hand, it should be considered appealable as a final order since it effectively determined the rights of the class members. Furthermore, the complainants argue that inasmuch as the Commission's own rule prevented it from hearing a class action complaint, its determination was, as a matter of law, "final," and thus could not be modified, which distinguished the Commission's ruling here from other class action rulings which are held to be interlocutory, because they are subject to later revision. Finally, the complainants contend that, in any event, the Commission's order should be reversed since it did not include the required Commission findings. See *Cerro Copper Products v. Illinois Commerce Comm'n* (1980), 83 Ill. 2d 364, 370, 415 N.E.2d 345, 348.

In summary, the complainants submit that the Commission had the implied authority to hear their proposed class action, that the order denying class certification was appealable, and finally, that, even if this court does not remand with an order to permit the pending action to proceed as a class action, an order at least must be entered

remanding the matter for a hearing and the issuance of findings by the Commission as to its basis for denying the class certification petition.

The Commission and CommEd, on the other hand, argue that the order denying the complainants' request to proceed as a class was not appealable. They contend that this court does not have jurisdiction to hear this appeal because there was no final and appealable order. The Commission also argues that, in any event, the order denying the request to certify a class action was proper because the Commission is without express or implied authority to hear class actions. The Commission further notes that it has consistently and properly denied petitions for class actions, as it is without any legislative authority to hear class actions.

■ The respondents' jurisdictional argument is well taken. Both the United States Supreme Court and our own supreme court have specifically held that an order denying a class action is not a final and appealable order, but is an interlocutory order, and have expressly rejected the so called "death knell" argument advanced by the complainants here concerning the rights of the petition class. (See *Coopers & Lybrand v. Livesay* (1978), 437 U.S. 463, 57 L. Ed. 2d 351, 98 S. Ct. 2454; *Levy v. Metropolitan Sanitary District* (1982), 92 Ill. 2d 80, 440 N.E.2d 881.) Additionally, section 10—201 of the Public Utilities Act permits appeals only from final orders. In construing section 68 of the Public Utilities Act, which was recodified as section 10—201, the court in *Candlewick Lake Utilities Co. v. Illinois Commerce Comm'n* (1978), 65 Ill. App. 3d 185, 382 N.E.2d 88, addressed the requirement that an administrative order must be a final order to be appealable. There, the utility sought to appeal an order compelling document production and denying a petition for rehearing. This court recognized that the literal language of the statute was misleading and stated:

"[T]he Court is not required to adhere to a literal interpretation of a statute when such adherence would result in absurd results. *** Furthermore, if we were to allow an appeal from every interlocutory order, there would be interminable delays in the administrative procedures. The general principle in this State is that a party may only appeal from a final order. [Citation.] While, of course, exceptions may be created either by rule or, in the case of administrative agencies, by statute [citation], we do not believe that the legislature in amending section 68 [now section 10—201] intended to make an exception here." 65 Ill. App. 3d at 187-88, 382 N.E.2d at 89-90.

■ Thus, we find this court does not properly have jurisdiction over this appeal and it should be dismissed. Only final orders are appealable in administrative proceedings, and this order is clearly not a final order and, accordingly, not appealable.

Even if this order were appealable, which we find it is not, the Commission, like any administrative agency, "has no inherent or common law powers, but is empowered to act only according to authority properly conferred upon the agency by law." (*Parliament Insurance Co. v. Department of Revenue* (1977), 50 Ill. App. 3d 341, 347, 365 N.E.2d 667, 671, *appeal denied* (1977), 66 Ill. 2d 631. See also *Oak Liquors, Inc. v. Zagel* (1980), 90 Ill. App. 3d 379, 380-81, 413 N.E.2d 56, 58.) This court in *Lyons v. Department of Revenue* (1983), 116 Ill. App. 3d 1072, 452 N.E.2d 830, specifically found that the administrative agency there had no authority to entertain a class action without specific statutory authority, and what we said there is relevant here. There this court said:

> "In the case at bar, we find neither express nor implied delegation of authority to defendants to certify a plaintiff class. *** [T]here is no implied authority for the defendants to create and adjudicate the rights of an alleged plaintiff class ***.
>
> In addition the class action statute (Ill. Rev. Stat. 1977, ch. 110, par. 57.2(a)) provides: 'An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds ***.' According to the practice notes accompanying the statute, 'While the language refers to "any court" it is obviously intended to refer to trial courts of general jurisdiction. There is no intention—and there would be no power to confer jurisdiction by this amendment on an appellate court.' [Citation.]
> ***
>
> We conclude defendants had no legal authority to certify a plaintiff class in the administrative proceedings." 116 Ill. App. 3d at 1077-78, 452 N.E.2d at 834.

■ Furthermore, other jurisdictions have upheld administrative rules similar to that of the Illinois Commerce Commission's rule here, which prohibits the Commission from hearing class actions. (See *Medley Investors, Ltd. v. Lewis* (Fla. App. 1985), 465 So. 2d 1305; *Sullivan v. Insurance Department* (1979), 48 Pa. Cmwlth. 11, 408 A.2d 1174; *Massachusetts Electric Co. v. Massachusetts Comm'n Against Discrimination* (1978), 375 Mass. 160, 375 N.E.2d 1192.) Because the Commission has no express or implied power to hear

class actions and since the administrative rules governing the Commission do not permit the complainants to proceed in a class action, the Commission's decision denying the complainants' motion to certify two classes would be affirmed in any event.

■ Plaintiffs' final contention is that the Commission was required to issue findings so that the reviewing court might consider "whether the Commission has acted within the scope of its authority, whether any constitutional right has been infringed, and whether its findings are founded on the evidence." (*Cerro Copper Products v. Illinois Commerce Comm'n* (1980), 83 Ill. 2d 364, 370, 415 N.E.2d 345, 348.) We find that this contention is also without merit inasmuch as no findings are required where an agency is without jurisdiction to consider the matter in the first instance. Our supreme court said in *Chesterfield-Medora Telephone Co. v. Illinois Commerce Comm'n* (1967), 37 Ill. 2d 324, 226 N.E.2d 855:

> "Under such circumstances [where] the Commission lacked jurisdiction of Illinois Bell[,] *** it properly dismissed [the complaint] without a hearing on the merits. Obviously, findings of fact from a non-existent hearing were not required. To hold that evidentiary hearings are necessary upon the filing of every complaint and that any company made a party, even though wrongfully, must respond and defend is compelled by neither the statute nor common sense." 37 Ill. 2d at 327-28, 226 N.E.2d at 857-58.

For all of the above stated reasons, we find that this court does not have a jurisdictional basis to decide this interlocutory appeal and, accordingly, dismiss the appeal of the complainants-appellants.

Appeal dismissed.

BUCKLEY and O'CONNOR, JJ., concur.